H. S. STONE et al., Respondents, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

Springfield Court of Appeals, July 7, 1910.

1. **PLEADING: Railroads: Obstructing Watercourse: Failure to Dig Ditches.** In a suit against a railroad company for damages to lands or crops by overflow caused by the construction of a railroad dump, and the failure on the part of the company to dig ditches, it is necessary to allege that there was a ditch or watercourse to which the water could have been drained by defendant had it constructed ditches. The petition in this case is examined and held that the allegation on this point is sufficient.

2. ———: **Allegations as to Amount of Damage: Clerical Error.** The omission of the word "dollars" in the allegation of the amount claimed as damages in the petition, is held a clerical and harmless error that could not have misled the defendant.

3.  EVIDENCE: Damages: Opinion of Witness. A witness cannot
    be asked and be permitted to answer in general terms that he
    is damaged so much, but he must state in what way he has been
    injured, and then if that injury resulted in the destruction
    of property, he may, if qualified, give his judgment as to
    the value of the property destroyed.

4.  INSTRUCTIONS: Measure of Damages: Harmless Error.
    Where the suit is for damages for the destruction of a crop of
    corn and all the evidence relating to the question of damages
    was confined to the crop destroyed, an instruction which in
    case of a finding for plaintiffs permitted a recovery of the
    amount they had been damaged without stating specifically
    the measure of damages is held harmless as it did not appear
    to have misled the jury.

5.  RAILROADS: Obstructing Watercourse: Failure to Dig Ditches.
    The law requires railroads to dig ditches along its right of
    way (R. S. 1899, sec. 1110) and applies to railroads built be-
    fore the enactment of the law as well as to those subsequently
    constructed.

Appeal from Scott Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*James F. Green* for appellant.

(1) The court erred in admitting any testimony
for the reason that the petition fails to state a cause of
action. R. S. 1899, sec. 592; Carter v. Shotwell, 42 Mo.
App. 663; Moore v. Dixon, 50 Mo. 524; Maupin v. Trip-
lett, 5 Mo. 422. (2) The petition is also defective in
that it fails to state that there were other drains and
ditches into which the surface water could have been
carried. Graves v. Railroad, 69 Mo. App. 574; Collier
v. Railroad, 48 Mo. App. 398; Field v. Railroad, 21 Mo.
App. 600; Byrne v. Railroad, 47 Mo. App. 383; Field v.
Railroad, 76 Mo. App. 715; DeLapp v. Railroad, 69 Mo.
572. (3) The court erred in permitting witnesses to
give their opinions as to the probable effect of the con-
struction of ditches by the railway company and the
amount of damages. Spencer v. Railroad, 120 Mo. 159;

White v. Stoner, 18 Mo. App. 549; Watkins v. Railroad, 44 Mo. App. 245; Sallee v. St. Louis, 152 Mo. 615; Spalding v. Edina, 122 Mo. App. 65; Morgan v. Mfg. Co., 120 Mo. App. 590. (4) Error was committed in plaintiffs' instruction allowing a recovery for any sum which the jury might deem proper to award. The measure of damages ,was the value of the crop at the time it was destroyed. Hunt v. Railroad, 103 S. W. 133; Hosli v. Yokell, 57 Mo. App. 622.

*H. C. O'Bryan* for respondents.

COX, J.—Action to recover damages on account of the alleged overflow of plaintiffs' lands and the destruction of their crops.

Plaintiffs allege in their petition that they were joint owners of a growing crop of corn on the east half of the southwest quarter, section 21, township 27, range 15, of the county of Scott in the year 1905. That said land lies in a bottom, the general course of which is from north to south and is from three-fourths to a mile wide. That the drain in said lands was through three depressions, one along the east side, one on the west side and one through the center, with elevations between said depressions preventing the water from crossing from one to the other. That the flow of water is from the north to the south with sufficient fall to carry off the rainfall; that in the center depression a large canal has been constructed and operated by a ditching district sufficient to drain all said lands. That for many years defendant has maintained a levee embankment on which to operate its railroad just south and through section 21, township 27, and range 15, and by means thereof did dam up and obstruct the flow of the water, and did neglect, fail and refuse to open up drains and ditches where the embankment obstructed the water to the large canal, and by reason of such failure caused plaintiffs'

land to be flooded and crop destroyed to their damage in the sum of eight hundred dollars.

Answer was a general denial. Trial by jury, verdict for plaintiffs in the sum of two hundred dollars, motions for new trial and in arrest of judgment overruled, and defendant has appealed, assigning as error the action of the court in admitting any testimony under the petition, in admitting incompetent testimony on the part of plaintiffs, in refusing instructions one and two in behalf of defendant, and in giving instruction number one offered on the part of plaintiffs on the measure of damages.

The evidence on the part of plaintiffs tended to show that they had certain land on the north side of the right of way of defendant cultivated in corn in the year 1905; that this land was low, but that it had a general drainage toward the south, and that there were two sloughs which carried the water away before the building of defendant's railroad; that when the railroad was built the grade of the road obstructed these sloughs and caused the water to cover more land than it had covered before, and that sometime prior to 1905, a large drainage ditch had been dug through this land which passed through under the defendant's track at a place where a trestle had been constructed and that if defendant had dug ditches along the north side of its right of way the land where the corn was growing would have been properly drained, and that by reason of the failure to construct those ditches some twenty or thirty acres of plaintiffs' corn was flooded when it was about "hip high" and destroyed. The evidence also tended to show the value of this crop at the time of its destruction. The evidence on the part of defendant tended to show that the construction of ditches along the right of way would not have drained all of this land and also that the destruction of this crop of corn was caused by the excessive rains of that season and not by the failure of defendant to ditch its right of way.

The defendant objected to the introduction of any testimony under the petition in this case for the reason that it was not sufficient to state a cause of action, and now complains in this court that it is not sufficient for the reason that it did not allege that there was a ditch, drain or watercourse to which the water could have been drained by defendant had it constructed ditches. This is a necessary allegation. [Field v. Railroad, 21 Mo. App. 600; Graves v. Railroad, 69 Mo. App. 574.] But· we do not think the petition is open to this objection. The petition does allege that in the center depression upon this land a large canal had been constructed and operated by a ditching district sufficient to drain all said lands. This we think was a sufficient allegation that there was a ditch to which this land could have been drained had the defendant constructed ditches as it was required by statute to do.

The objection is also made to this petition that it does not allege any damages and for that reason is fatally defective. The allegation of the petition on that question is as follows: "And by reason of such failure caused plaintiffs' land to be flooded and crop destroyed to their damage and in the sum of eight hundred, for which sum and costs they pray for judgment." We think this allegation sufficient against a general objection to the introduction of testimony. The omission of the word dollars was purely a clerical error and defendant was clearly not misled thereby, but he could not read this petition without concluding that plaintiffs were seeking to recover as damages the sum of eight hundred dollars, and this contention must be ruled against appellant.

It is next contended that error was committed in permitting witnesses for plaintiffs to testify as to their judgment as to the amount of damages suffered. While the form of some of the questions was objectionable and standing alone might be in error, yet when the testimony of the plaintiffs and other witnesses to whom these ques-.

tions were propounded were taken altogether it is apparent that in answering these questions they were giving their judgment as to the value of the crop of corn that had been destroyed by the water and under these circumstances we do not think the evidence in this case open to the objection made against it by appellant. There is no question but that a witness cannot be asked and be permitted to answer in general terms that he has been damaged so much, but he must state in what way he has been injured and then, if that injury resulted in the destruction of property, he may, if qualified, give his judgment as to the value of the property destroyed and that was what, in effect, was done in this case.

Objection is made to instruction number one on the part of plaintiffs for the reason that it does not state specifically what is the measure of damages. It concludes with this language: "Then in such case your verdict must be for the plaintiffs in such sum as you may believe from the evidence that they have been damaged and not to exceed the amount sued for." All the evidence relating to the question of damage was confined to the crop of corn destroyed and there was no evidence of any damages suffered by plaintiffs in any other way and the instructions of defendant called the jury's attention specifically to the fact that plaintiffs were claiming damages for the destruction of their crop, and we do not think it possible that in this case the jury were misled upon that question.

Complaint is made by appellant in his brief that the court erred in refusing instructions number one and two asked on behalf of defendant. These were instructions in the nature of demurrers to the testimony. Number one was asked at the close of plaintiff's testimony and number two at the close of all the testimony. The appellant bases his contention that these instructions should have been given upon the fact that defendant's railroad was built before the law was enacted requiring railroads to ditch the right of way and that,

hence, this defendant is immune from the effect of this statute. We are not cited to any authority to support this contention and we do not think it was the intention of the Legislature to make the section to apply only to roads to be built after its enactment, but that it was the duty of this and all other railroads to have complied with this law after its enactment. The judgment will be affirmed. All concur.