Juanita **WIMS**, Plaintiff-Respondent,

v.

**BI–STATE DEVELOPMENT AGENCY,**
Defendant-Appellant.

No. 57771.

Supreme Court of Missouri,
En Banc.

Sept. 11, 1972.

Samuel A. Goldblatt, Burton H. Shostak, Kramer, Chused, Kramer, Shostak & Kohn, St. Louis, for plaintiff-respondent.

Boas, Schneider & Walsh, John A. Walsh, Jr., St. Louis, for defendant-appellant.

HOLMAN, Judge.

◼ Plaintiff filed this suit to recover damages for personal injuries alleged to have been received while she was a passenger on a bus operated by Bi-State. The driver of a car involved in the occurrence was also a defendant. Upon trial the jury returned a verdict for both defendants. The trial court granted plaintiff a new trial as to Bi-State because of error in giving Instruction No. 4. Bi-State appealed to the St. Louis District of the Missouri Court of Appeals which adopted an opinion affirming the trial court's order. Upon Bi-State's application we ordered the case transferred to this court. It will be determined here "the same as on original appeal." Mo.Const., Art. V, § 10, V.A.M.S. Defendant Walker is not involved in this appeal and we hereinafter refer to Bi-State as defendant.

Plaintiff's verdict directing instruction (No. 3) reads as follows:

"Your verdict must be for plaintiff, Juanita Wims, and against the defendant, Bi-State Development Agency, if you believe:

"First, defendant was the operator of the bus, and

"Second, the bus made a sudden and unusual stop and jerk, and

"Third, such movement of the bus was the direct result of the defendant's negligence, and

"Fourth, such negligence directly combined with the acts of Carl L. Walker to cause damage to plaintiff."

The instruction complained of (No. 4) is a converse instruction which reads, as follows:

"Your verdict must be for defendant Bi-State Development Agency if you do not believe:

"First, the bus made a sudden and unusual stop and jerk, and

"Second, such movement of the bus was the direct result of defendant's negligence."

In granting the new trial the trial court concluded that the instruction was confusing and misleading because it required the jury to "not believe" two facts which were contradictory and could not be found conjunctively.

■ It should be noted that there was only one theory of recovery submitted in plaintiff's verdict directing instruction, i. e., "a sudden and unusual stop and jerk" by the bus. In preparing its converse instruction defendant copied therein the exact wording of the second and third items of plaintiff's submission. In so doing it sought to converse the factual theory of recovery and defendant's negligence prefaced by the words "if you do not believe". In said instruction it would appear that de-

fendant was endeavoring to follow the first method outlined in MAI 33.01 which states that said method of conversing a plaintiff's verdict directing instruction is "An instruction beginning 'Your verdict must be for defendant if you do not believe' followed by one or more propositions submitted by the verdict directing instruction and in substantially the same language used in the verdict directing instruction." It should be noted that it has long been the rule that a defendant "may submit the exact converse of plaintiff's submission, Janssens v. Thompson, 360 Mo. 351, 228 S.W.2d 743, or the converse of any one of the elements essential to plaintiff's recovery." Dell'Aria v. Bonfa, Mo.Sup., 307 S. W.2d 479, 480. However, it must be conceded that while the two items in question were consistent in plaintiff's affirmative submission, when they were conjunctively placed in defendant's negative converse they became somewhat inconsistent. This for the reason that the first required a disbelief of the fact that there was a sudden stop, and the second submitted a disbelief in defendant's negligence in causing such a stop. In the situation presented the decisive question for our consideration is whether it was prejudicial to plaintiff.

■ We have recently said that "in determining the legal sufficiency of instructions [when not using an MAI form] * * * the court 'should not be hypertechnical in requiring grammatical perfection, the use of certain words or phrases, or any particular arrangement or form of language, but * * * should be concerned with the meaning of the instruction * * * to a jury of ordinarily intelligent laymen.'" Bartleman v. Humphrey, Mo. Sup., 441 S.W.2d 335, 348. And it has often been recognized that juries are composed of ordinarily intelligent persons who should be credited with having common sense and an average understanding of our language.

■ We do not think the jury would have been misled or confused by defen-

dant's instruction. The jurors had before them Instruction No. 3 which affirmatively submitted the four requirements for a verdict for plaintiff. When they read No. 4 they saw that it submitted, in a negative way, the exact language of two of those items, and must have understood that the second item was based on the assumption that a sudden stop had occurred.

However, even if we assume that the instruction was difficult for the jury to understand, we think that such would have been to the detriment of defendant rather than plaintiff. It should be kept in mind that if the jury found affirmatively on the four items submitted in Instruction No. 3, it would have found for plaintiff regardless of the contents of No. 4. The purpose of the converse instruction was to direct a verdict for defendant if the jury did not believe certain matters therein submitted. If the two items conflicted and the instruction was difficult to understand it would seem reasonable to conclude that the jury would have more difficulty in arriving at a verdict for defendant. We cannot see how plaintiff would have been prejudiced thereby. Somewhat applicable is the rule that "the instruction attacked presented defendant's 'side of the case and in the same view of the law.' '[A] plaintiff cannot complain of an instruction which only presents the defendant's side of the case and in the same view of the law.'" Terry v. Boss Hotels, Inc., Mo.Sup., 376 S.W.2d 239, 245.

Plaintiff says that the granting of a new trial because an instruction is misleading is a matter within the discretion of the trial court and that no abuse of that discretion is shown. Some of the cases state such a rule. See Edie v. Carlin, Mo. App., 369 S.W.2d 610. However, we have said that "[t]he trial court's power 'to grant a new trial is discretionary only as to questions of fact and matters affecting the determination of issues of fact. There is no discretion in the law of a case, nor can there be an exercise of sound discretion as to the law of a case.' Cooper v. 804 Grand Bldg. Corp. [Mo.] 257 S.W.2d [649] 655 [7]. While 'an appellate court may be more liberal in upholding the court's action than it would in reversing a judgment on the same ground,' it does not follow that the granting of a new trial is always the exercise of a judicial discretion which will be upheld unless abused. Warren v. Kansas City [Mo.] 258 S.W.2d [681] 683 [1, 2]. Thus, inasmuch as instruction 5 was not as a matter of law erroneous, and inasmuch as it has not been demonstrated upon the record in this case that the instruction was in fact misleading or otherwise deprived the plaintiff of a fair trial, we may not affirm the order of the trial court." McCormack v. St. Louis Public Service Co., Mo.Sup., 337 S.W.2d 918, 921.

It follows from the foregoing that the order granting plaintiff a new trial is reversed and the case is remanded with directions to the trial court to reinstate the judgment for defendant.

It is so ordered.

All concur.