Annie SABBATH, Appellant,

v.

MARCELLA CAB COMPANY, Respondent.

No. 36815.

Missouri Court of Appeals, St. Louis District, Division Two.

May 4, 1976.

Raymond Howard, St. Louis, for appellant.

Ira M. Young, St. Louis, for respondent.

CLEMENS, Presiding Judge.

Plaintiff taxi passenger sued the cab company on the theory of res ipsa loquitur for injuries allegedly received when the cab made "a sudden and unusual stop and jerk." The jury found for defendant and plaintiff appeals, asserting numerous trial errors.

According to plaintiff the cab stopped for a red light, started up and then lurched and suddenly stopped, throwing plaintiff to the floor.[1] Defendant's driver and another passenger testified that when the traffic light turned green the driver tried to move forward, but at that moment the cab's drive shaft broke and fell to the pavement; there was no movement, and of course neither a sudden stop nor jerk.

■ Defendant's first witness, obviously called out of turn, was an expert in automotive mechanics. Defense counsel asked him a hypothetical question assuming two facts not then in evidence. When plaintiff objected on that ground defense counsel assured the court the two facts would be supplied by defendant's driver. The trial court overruled plaintiff's objection, the question was answered and the driver later testified to the assumed facts. Plaintiff correctly argues that a hypothetical question must be based on facts then in evidence, citing *Hamilton v. Slover*, 440 S.W.2d 947[9–10] (Mo.1969). However, in view of counsel's assurance the assumed facts would come into evidence, and that they did, there was no prejudicial error. *Martin v. Springfield City Water Co.*, 128 S.W.2d 674[1, 2] (Mo.App.1939).

■ Plaintiff's second evidentiary point arises from the cab driver's testimony about defendant's policy of performing maintenance on their cabs every two weeks. She contends the testimony was "hearsay, and self-serving and irrelevant." The evidence was not irrelevant since it tended to prove a matter in issue—the defendant's due care. *Haymart v. Freiberger*, 498 S.W.2d 590 (Mo. App.1973).

■ To violate the hearsay rule the declaration must assert another statement for the truth of the matter stated. *State ex rel. State Hwy. Commission v. Kimmell*, 435 S.W.2d 354[1–5] (Mo.1968). Plaintiff argues that because the cab driver did not formulate company policy he must have been told of the policy by another; therefore his testimony was based on another's statements, citing *Royle Mining Co. v. Fidelity & Casualty Co.*, 161 Mo.App. 185, 142 S.W. 438 (1912). We disagree. Defendant's maintenance policy was personally known to its driver. He was required to bring his cab in for maintenance every two weeks; he knew the oil was changed and parts were lubricated. Statements based on the witness' personal knowledge are not hearsay. *Greene County v. Hermel, Inc.*, 511 S.W.2d 762[3] (Mo.1974). And, the fact the regular maintenance policy existed is not an excludable self-serving statement. *Gibson v. Smith*, 422 S.W.2d 321[9–11] (Mo. 1968), defines such a statement as "one made by a party in his own interest at some place and time out of court."

Plaintiff's last evidentiary complaint stems from defendant's use of its examining doctor's deposition. The trial court gave three reasons for admitting the deposition. The doctor had his office in St. Louis County and resided there; at trial time the doctor was practicing medicine; and defendant had told plaintiff and the court at a pre-trial conference he intended to introduce the deposition, with no objection then being voiced.

1. If so, plaintiff made a res ipsa case. *Piehler v. Kansas City Public Service Co.*, 357 Mo. 866, 211 S.W.2d 459[1] (1948).

■ Plaintiff relies on Rule 57.07(a)(3) and *McFadden v. McFadden,* 509 S.W.2d 795 (Mo.App.1974). Rule 57.07(a) declares when a deposition may be used at trial. "The deposition of any witness who is not present in court may be used by any party for any purpose if the court finds: . . . (c) that the witness is a . . . physician and engaged in the discharge of his . . . professional duty at the time of trial; or . . . (e) that the witness resides in a county other than the one in which the trial is held; . . . ." Rule 57.07(a)(3).

As to (c), *McFadden* applies because here, as there, "the record does not indicate that the doctor was engaged in the discharge of his duties on . . . the day that his deposition was offered to the court."

■ As to (e), the record indicates—and plaintiff does not dispute—that the doctor's residence at the time of deposition was in St. Louis County. The trial court did not abuse its discretion by presuming the doctor still resided outside the City of St. Louis at trial time. See *Boyle v. Crimm,* 363 Mo. 731, 253 S.W.2d 149[2, 3] (Mo.1952). And, where the existence of a state of things of a continuous nature is established, a rebuttable presumption arises that they continue to exist. *Duckworth v. U. S. Fidelity and Guaranty Co.,* 452 S.W.2d 280[8, 9] (Mo.App. 1970). We hold residence is a condition or status of such a continuing nature as to justify this presumption. So, the trial court did not err in admitting the deposition.

Plaintiff claims trial error in three rulings made during closing argument.

■ First, plaintiff objected to a defense statement concerning her examining doctor: "I suggest that in the interim she [plaintiff] has changed lawyers, and her lawyer has advised her—we need some medical testimony down here, and you better have yourself examined so he can testify as to your physical condition."

"The field of argument to the jury is broad. Although counsel are not permitted to go beyond the issues or urge theories which the evidence does not justify, they are allowed a wide latitude in discussing the facts and arguing inferences from the evidence, even though inferences drawn may appear to be illogical or erroneous." *Arroyo v. Keller,* 433 S.W.2d 584[3–6] (Mo. App.1968). The challenged argument was inferential rather than factual. Overruling plaintiff's objection was within the trial court's "wide latitude in final argument in discussing facts and arguing inferences . . . ." *Allen v. Bi-State Development Agency,* 452 S.W.2d 288[7] (Mo.App.1970).

■ Plaintiff also claims error in rulings during her closing argument. Her counsel argued that the sudden stop of the cab had caused the drive shaft to fall from the cab, but there was no evidence of causation. The court told counsel, however, it was not restricting argument that the sudden lurch had caused plaintiff's injuries. Plaintiff has not explained how this limitation prejudiced her case; that was her burden. *Redick v. M. B. Thomas Auto Sales,* 364 Mo. 1174, 273 S.W.2d 228[13] (1954). We find no abuse of discretion in this ruling.

■ Also, during plaintiff's closing argument her counsel said: "Look at Mr. Bryson (the other passenger). Mr. Bryson's sole purpose for testifying was to help Mr. Halsey (defendant's driver)—to use his exact words, he wanted to save Mr. Halsey's job, . . . If the company has that type of character that it wants to fire a man because you, the jury, decide that it should pay for the injuries of Mrs. Sabbath . . . ." When defense counsel objected that Mr. Halsey's statement was not binding on defendant, the court cautioned plaintiff's counsel to "stay within reasonable bounds." Plaintiff's counsel continued to argue about defendant firing its driver.

It is questionable whether the court made a ruling against plaintiff during this colloquy. And, counsel did touch on the same matter he would have argued had no objection been made. Where a ruling—even as-

suming it to be in error—is not shown to affect the result of a case, there is no prejudicial error. *Dee v. Nachbar,* 207 Mo. 680, 106 S.W. 35[9] (Mo.1907), and *Long v. Hooker,* 443 S.W.2d 178[2–4] (Mo.1969).

█ Plaintiff finally contends the trial court erred in giving defendant's converse instruction because it was confusing.

Plaintiff submitted her res ipsa loquitur theory by a modified MAI 31.02(2), hypothesizing that: "Second, the taxicab made a sudden and unusual stop and jerk, and Third, such movement of the taxicab was the direct result of defendant's negligence . . . ." Thus, to find for plaintiff the jury had to believe two things: that the cab jerked *and* the jerk was caused by defendant's negligence. Defendant wanted to converse each of those elements *disjunctively,* i. e., for the jury to find for defendant if the cab did not jerk or, even if it did jerk, the defendant was not negligent. To this end, the court gave defendant's modified MAI 33.02 reading, with our emphasis added: "Your verdict must be for defendant *if you do not believe* : First, the taxicab made a sudden and unusual stop and jerk, *or,* Second, if there was a sudden and unusual stop and jerk, such movement of the taxicab was the direct result of defendant's negligence . . . ."

As held in *Young v. Grotsky,* 459 S.W.2d 306[1, 2] (Mo.1970), "If the jury believed that *either* did not occur plaintiff was not entitled to recover." Applying that principle to our case, if the jury did not believe the cab moved erratically they should find for the defendant or, even if the jury did believe the cab did move erratically, but did not believe defendant was thereby negligent, they should find for the defendant.

Both parties rely on the res ipsa loquitur case of *Wims v. Bi-State Development Agency,* 484 S.W.2d 323 (Mo.1972). There the defendant's converse instruction submitted disbelief of two elements, the sudden jerk *and* that the jerk was the result of defendant's negligence. Criticizing that *conjunctive* submission the court said at page 325: "It must be conceded that while the two items in question were consistent in plaintiff's affirmative submission, when they were conjunctively placed in defendant's negative converse they became somewhat inconsistent. This for the reason that the first required a disbelief of the fact that there was a sudden stop, and the second submitted a disbelief in defendant's negligence in causing such a stop."

Here, defense counsel sought to avoid such criticism. Unlike *Wims* he did so by substituting the disjunctive word "or" between the two elements and by prefacing the disjunctive element of negligence with the words "if there was a sudden and unusual stop and jerk." That disjunctive submission distinguishes our case from the conjunctive submission in *Wims.*

█ Conceding arguendo that the converse instruction here might be grammatically improved,[2] *Wims* gives two reasons it was neither erroneous nor prejudicial to plaintiff. First, not erroneous because as *Wims* declared, courts "should not be hypertechnical in requiring grammatical perfection." Second, not prejudicial to plaintiff because, as *Wims* held, if a defendant's converse instruction is confusing "the jury would have more difficulty in arriving at a verdict for defendant."

Judgment for defendant affirmed.

DOWD and STEWART, JJ., concur.

█

---

2. The grammatical problem could be solved by a simple declaratory sentence that the jury must find for the defendant if it believed the taxicab had not made a sudden and unusual stop and jerk as the direct result of defendant's negligence. Such an instruction would converse both the challanged elements of plaintiff's verdict director.