**Albert KUNZLER, Appellant,**

v.

**ESTATE of Roy KUNZLER, Deceased, Respondent.**

**No. 61611.**

Supreme Court of Missouri, En Banc.

May 13, 1980.

Robert J. Quigley, Eldon, for appellant.

David A. Yarger, Versailles, for respondent.

MORGAN, Judge.

After filing an opinion authored by Clark, J., the Western District of the Court of Appeals pursuant to Rule 83.02 ordered transfer of the within cause to this Court "for examination and appropriate consideration of the apparent defect in Missouri Approved Instruction 33.08." Now having jurisdiction of the cause, we seek to resolve all issues the same as on original appeal. Mo.Const. art. V, § 10.

However, the opinion ordering transfer clearly articulates the instructional problem and to that extent we quote therefrom as follows:

■ "This protracted controversy generated by a claim filed in 1969 by Albert Kunzler against the estate of his deceased father, Roy Kunzler, is again before this court. When originally filed, the claim was allowed by the probate court but, on appeal to the circuit court, a verdict for the estate was directed at the close of the claimant's evidence. On appeal (*Matter of Estate of Kunzler*, 548 S.W.2d 212 [Mo.App.1977]), the judgment was reversed and a new trial was ordered. On retrial, the verdict of the jury was for the estate and the claimant again appeals.[1]

"The basic facts remain unchanged, for recitation of which reference is made to the opinion on the prior appeal, *supra*. As necessary in consideration of the points raised in this appeal, appropriate facts will be noted. Of particular significance was the election of appellant to submit his case on the theory of an express contract. This contrasts markedly with the earlier trial and the subsequent appeal in which the significant issues centered on admissibility and sufficiency of evidence to support a claim on the theory of quantum meruit. The prior opinion is therefore not dispositive of the present issue.

"The claimant's principal point of error asserted here challenges the form of respondent's converse instruction given to the jury as Instruction No. 5. The transcript fails to indicate the source of any of the instructions given either as to the identity of the party tendering the instruction or the conformance or nonconformance of instructions with Missouri Approved Jury Instructions. Despite the apparent violation of Rule 70.-02(d), it will be assumed, for purposes of this opinion, that claimant's verdict directing instruction, No. 3, was drawn from MAI 28.01 and was tendered by the claimant and that respondent's converse instruction, No. 5, was drawn from MAI 33.08 and was tendered by respondent.

"The instructions in question were given in the following form:
'INSTRUCTION NUMBER THREE:

Your verdict must be for plaintiff if you believe:

First, plaintiff and deceased agreed that plaintiff would help deceased in the operation of deceased's farm and deceased's other business activities and deceased would pay for such services, and

Second, these services were thereafter furnished to deceased by plaintiff,

unless you believe plaintiff is not entitled to recover by reason of Instruction No. 6.'
'INSTRUCTION NUMBER FIVE:

Your verdict must be for defendant if you do not believe:

First: That plaintiff and Roy Kunzler agreed that plaintiff would be paid for his services; or

Second: That plaintiff furnished valuable services to Roy Kunzler.'

"Claimant correctly notes that Instruction No. 5 deviates from MAI 33.08 in the significant detail of converting the instruc-

---

1. While not raised by the parties, the court notes that formal entry of judgment on the jury verdict is not reflected in the transcript. Receipt of the jury verdict as in proper form was announced by the court and the court and the parties have not treated the absence of the judgment entry as any defect meriting attention or action. In the interests of treating the issues as briefed and argued, this formal deficiency will not be regarded as requiring dismissal. Rule 74.30(13); Rule 74.31. The omission of entry of judgment is not, however, a practice to be condoned and subjects the parties to prospective dismissal of the appeal as premature.

tion to the disjunctive by substituting 'or' for 'and.' This, he argues, gives respondent a more favorable instruction than obtains by following the MAI form and urges that the case be remanded for a new trial on the ground that material deviation from an applicable MAI instruction is presumptively prejudicial to the adverse party.

"In *Murphy v. Land,* 420 S.W.2d 505 (Mo. 1967), a case in which two converse instructions were given, the court announced the general rule that all deviations from MAI instructions will be presumed prejudicially erroneous unless it be shown that no prejudice resulted. This rule was modified to some extent by *Brown v. St. Louis Public Service Company,* 421 S.W.2d 255 (Mo. banc 1967), in which it was held that the rule applies only to MAI instructions which do not need modification under the facts in the particular case. Thus, deviation from MAI is acceptable if the party at whose instance the instruction was given makes it perfectly clear that no prejudice could have resulted or the deviation was required to conform the instruction to the facts of the case. *Means v. Sears, Roebuck & Co.,* 550 S.W.2d 780 (Mo. banc 1977); *Smith v. Courter,* 575 S.W.2d 199 (Mo.App.1978). In either event, however, MAI is inherently standardized and inflexible and pattern instructions must be used as written. *Brown v. St. Louis Public Service Company, supra.*

"Claimant's ability to recover in this case depended upon proof of two elements, that claimant had rendered valuable services to his father and that a prior or contemporaneous agreement had been made between them for compensation. The verdict directing instruction correctly hypothesized this submission, the alternate theory of quantum meruit having been abandoned as noted above. To defeat the claim, however, it was only necessary that proof fail on one of the elements as disbelief of either was sufficient to deny claimant recovery. For this reason, respondent's converse instruction as given, although a material deviation from MAI, did correctly state the law not only here, but in any case to which MAI 33.08 would be applicable.

"The problem inherent in MAI 33.08 lies in the alternate phrases 'if you do not believe' and 'unless you believe' coupled with the mandatory use of the conjunctive 'and.' As is explained in the general comment, Missouri Approved Jury Instructions, 33.01, Converse Instructions, Conjunctive Submissions, page 353, use of the first method, 'if you do not believe,' or the second method, 'unless you believe,' is proper to converse plaintiff's conjunctive submission of two or more acts which, in concurrence, support a single theory of recovery.

"Thus, in *Young v. Grotsky,* 459 S.W.2d 306 (Mo.1970), plaintiff's conjunctive submission was conversed by defendant in the disjunctive under the first method. Plaintiff contended that the converse was in violation of the instructions applicable to the then MAI 29.01 comments (now 33.01). The court noted that plaintiff was not entitled to recover if the jury believed either that defendant was not negligent or that plaintiff was not injured and stated, 'It would, therefore, have been improper to submit the two propositions with the conjunctive "and" because the jury would have been instructed that its finding must be for defendants only in the event it did not believe both propositions.'

"MAI 33.08 plainly contemplates a choice between the first or second converse method but does not similarly afford the requisite substitution of 'or' for 'and' when the first converse method is selected. As a result, if the first method of converse is selected, adherence to the pattern instruction misstates the law while a correct statement of the law results in a prohibited deviation from MAI. This dilemma may not be resolved by suggesting that MAI 33.08 was intended to converse only one element if the phrase 'if you do not believe' is selected because MAI 33.10 and MAI 33.11 specifically afford these options.

"Also unavailable as a solution is the contention that deviation from MAI will not constitute reversible error if the deviation was nonprejudicial. It can scarcely be argued seriously that respondents did not acquire an advantage, albeit by a correct

statement of the law, when the disjunctive converse formed a basis to argue and persuade the jury that disbelief of either proposition in plaintiff's verdict director entitled respondent to a verdict. Indeed, appellant concedes in his brief that MAI 33.08 is favorable to him and argues that he is entitled to the benefit of that advantage and to deprive him of it is manifestly prejudicial.

"It is our opinion that MAI 33.08 is in error in failing to provide for the disjunctive converse of a claim for services rendered to a decedent on an agreement for future payment where the first converse method, 'if you do not believe,' is selected. Despite such conclusion, this court under the controlling authorities of *Murphy v. Land, supra* and *Brown v. St. Louis Public Service Company, supra*, is obligated to find that deviation from the pattern instruction is presumptively prejudicial and requires that the judgment be reversed. This instruction problem, however, is one having impact on all like cases of claims against decedents' estates and because of the general interest in refinement and improvement of Missouri Approved Jury Instructions, this case is appropriate for transfer to the Supreme Court pursuant to Rule 83.02."

■ The complexities of the problem, as are so clearly delineated by the Western District, have been a subject of concern not only by the Supreme Court Committee On Jury Instructions but by this Court as well. That they were not unanticipated but inevitable becomes evident by a reading of the very comprehensive article entitled *Converse Instructions Under MAI* by then Professor Elwood L. Thomas found in 42 Mo.L. Rev. 175 (Spring 1977). At page 185 thereof, he recommended that: "In the long run, it would probably be advisable to eliminate the 'if you do not believe' format from the MAI system." The recommendation subsequently was considered and approved by the committee noted, and thereafter was adopted by an Order of this Court dated September 7, 1979, effective June 1, 1980. The publication thereof may be found in the October-November 1979 *Journal of the Missouri Bar* beginning at page 463 and specifically at pages 473 to 485. Any extended discussion thereof, at this time, would tend only to detract therefrom; and, for purposes of this opinion, it is sufficient to note that the "If you do not believe" format is to be abandoned and that the only approved introductory phrase of a *true* converse will be: "Your verdict must be for defendant unless you believe." Consistent therewith, instructions 33.08, 33.09, 33.10, 33.11 and 33.12 pertaining specifically to claims for services have been withdrawn as of June 1, 1980.

■ The question remains—must the judgment entered be reversed because of the giving of Instruction No. 5? We think not.

Appellant's argument is predicated upon the premise that MAI 33.08 [2] was not only a proper but mandatory converse instruction to be given in this case. The crucial difference being, as heretofore noted, that Instruction 5 used the disjunctive "or" rather than the conjunctive "and" found in MAI 33.08. Guidance in the use of instructions, generally, may be found in the Notes on Use and Committee's Comments accompanying the same. The "Comments" to MAI 28.00, captioned "Verdict Directing—Services Furnished Decedent" separate the several factual situations likely to occur in this kind of case. Under the heading "Defense Instructions Where Plaintiff Seeks to Recover on an Express or Implied Contract" (the case here), the Committee said that in seeking to recover under this theory where the family relationship is admitted, "Defendants would normally converse one or more elements of the plaintiff's case in the same manner as other contract actions are conversed. Defendant might use Converse Instruction 33.09, 33.10, 33.11, 33.12 or the

---

2. MAI 33.08 reads:

    Your verdict must be for defendant [if you do not believe] [unless you believe] that plaintiff furnished valuable services to (name of deceased) *and* that they agreed that plaintiff would be paid for his services. (Emphasis added.)

affirmative defense of payment set out in 32.14." MAI 33.08 is not among the instructions therein recommended; nor is it indicated as to when the same would be either appropriate or mandatory. The giving of any MAI converse is never required because the use thereof is at the option of the defendant. When a defendant does choose to give a converse instruction, those set out in MAI are mandatory only to the extent they are applicable to the particular case. In view of the fact that MAI 33.08, as printed, would not have conversed correctly the elements of this case, its use was not mandatory. Therefore, respondent's failure to follow MAI 33.08 was not per se prejudicial. For appellant to prevail, he had to prove the (1) rendition of services and (2) a promise to pay for the same. A failure of proof on *either* proposition would defeat the claim; and, thus, a disjunctive submission thereof was indeed proper. Above all else, it was a correct declaration of the relevant substantive law and its use does not require a third trial of this cause. Furthermore, the instructional problem which surfaced has been corrected as heretofore noted.

Appellant also challenges the use of the deposition of Anna Kunzler, mother of appellant, because the deponent was present in court at the time of its admission into evidence.

Missouri Supreme Court Rule 57.07(3) provides in part:

The deposition of any witness who is not present in court may be used by any party for any purpose if the court finds: . . . (B) that by reason of age, sickness, bodily infirmity or imprisonment, the witness is unable to or cannot safely attend court; . . . .

Section 492.400, RSMo 1969, applicable at the time of this trial, sets out essentially the same conditions.

Anna Kunzler was in her eighties when this case was tried for the second time. Her deposition had been taken eight years earlier, prior to the first trial in this case. Before Mrs. Kunzler was called to testify here, an in-chambers conference was held at the request of appellant's counsel who sought to have the trial judge determine her competency to testify. After some discussion the trial judge and attorneys asked Mrs. Kunzler a few questions. The judge then concluded that he could not "determine definitely that she is incompetent" and so allowed her to be sworn as a witness. On the stand Mrs. Kunzler's answers were extremely vague. At that time respondent's attorney asked that he be permitted to read the witness's deposition. Over appellant's objection that respondents had no right to introduce her deposition because they had tendered her as a witness and therefore she was available to testify, the trial judge permitted the deposition to be read.

Wigmore on Evidence §§ 1401 through 1412 (3d ed. 1940) traced "the circumstances of that necessity which dispenses with the witness's personal presence for testifying" from its common law origins. He concluded that the statutory enumerations of conditions of necessity, such as are set out in Rule 57.07 and § 492.400, should not be treated as exhaustive but only as declaratory of rules long recognized:

But where a deposition has been lawfully taken—before a common-law judge in person, or before a master in chancery—the conditions on which it should be used in a common law court were a simple question of the admissibility of evidence, and were constantly dealt with by the common-law courts; . . . . hence, the principles already established for this purpose at common law remain in force unless expressly changed by statute.

*Id.* at § 1411.

In discussing the traditional notion of necessity or unavailability, Wigmore said at § 1402:

The general principle upon which depositions and former testimony should be resorted to is the simple principle of necessity,—*i. e.* the absence of any other means of utilizing the witness's knowledge. If his testimony given anew in court cannot be had, it will be lost entirely for the purpose of doing justice if it is not re-

ceived in the form in which it survives and can be had. The only inquiry, then, need be: Is his testimony in court unavailable?

In pursuit of this inquiry, Wigmore set out specific instances of unavailability, among which he listed "Insanity or other Mental Incompetency." In addition to the circumstance of a witness who has become insane and is no longer qualified to testify, Wigmore noted at § 1408:

So also the loss of any one of the faculties necessary for testimony furnishes an equal reason, whether the loss occurs through disease or through senility. This may be the case where the lost faculty is that of *speech*, or (under certain circumstances) of *sight*, or of *memory*; and it would seem that a total loss of memory through lapse of time also should equally suffice, providing the Court is entirely satisfied of the fact of the loss.

■ The logic of this approach convinces us that the codification of these rules into statute and court rule was not intended to signal any substantive change from the common law. In keeping with this, the rule long has been that a decision that a deposition is admissible pursuant to one of the conditions set out in the law is one resting largely within the discretion of the trial judge. *Boyle v. Crimm*, 363 Mo. 731, 253 S.W.2d 149 (1952); *Taylor v. Laderman*, 349 Mo. 415, 161 S.W.2d 253 (1942).[3] We will not disturb the ruling of the trial court where it is clear that the admission of the deposition was grounded on the deponent's inability by reason of her age and failing memory to respond meaningfully to the questions posed to her. The pertinent rule and statute is concerned with the proper use of depositions in cases where, for a real and good faith reason, the deponent's testimony cannot be given in person before the court and jury. In most instances a witness present in the court is also capable of testifying. In unusual circumstances such as these, a witness might be able to be physi-

cally present yet lack the mental acuity to testify. The trial judge found that to be the case here, and he did not abuse his discretion in admitting the deposition. Compare the holding in *State v. Yates*, 442 S.W.2d 21 (Mo.1969), wherein it was held, at page 28, that: "When the testimony of a witness, produced in open court to testify for a defendant, becomes unavailable to defendant because the witness invokes his constitutional privilege against self-incrimination, a necessity arises for the admission of his previously given testimony from a secondary source, in order that defendant may be accorded a fair trial. In such case the witness is unavailable as a practical matter and his testimony should be received."

■ Admission of evidence of appellant's personal finances, his father's activities on the day he died, and the value of the estate was objected to by appellant on the grounds of relevancy and materiality.

The general rule on admission or exclusion of evidence by the trial court is that a ruling in this area is the product of the trial court's use of discretion and unless an abuse of that discretion is demonstrated, its action will not be the basis for a reversal on appeal. *Bine v. Sterling Drug, Inc.*, 422 S.W.2d 623 (Mo.1968); *Counts v. Thompson*, 359 Mo. 485, 222 S.W.2d 487 (1949).

As to the relevancy of appellant's financial assets, respondents claimed that the evidence tended to support their affirmative defense that appellant had been paid for whatever services he rendered during the father's lifetime. Similarly, respondents argued that evidence of the father's activities on the day he died disproved appellant's claim that his father was unable or unwilling to do farm labor and therefore was dependent upon appellant for his help in such endeavors. The inventory of the estate was relevant and material, respondents argued, because of appellant's claim

---

**3.** Although both these cases were decided before the current rule was adopted, the wording of the 1939 statute that was in force at the time of those decisions has been carried forward into the rule and varies so lightly from the current version that no reason appears why those holdings should not be viewed as equally current.

for "a share of the estate" as promised by the father.

In view of the arguments made, we cannot say that the trial court abused its discretion in admitting this evidence over objection.

Judgment of the trial court is affirmed.

All concur.