**THOMPSON MISSOURI AUTO SALES, INC., and Joe Deimeke, Plaintiffs-Appellants,**

v.

**SOUTHWESTERN BELL TELEPHONE CO., Defendant-Respondent.**

No. 42222.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 25, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

Carl F. Sapp, Columbia, Martin Schiff, Jr., Webster Groves, for plaintiffs-appellants.

James A. Daugherty, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

Plaintiffs Thompson Missouri Auto Sales and its sole shareholder Joe Diemeke brought suit against Southwestern Bell Telephone Co. for delay in reporting a fire which destroyed plaintiffs' premises. From a jury verdict for defendant, plaintiff appeals. We affirm.

In the early morning of July 7, 1977, Thompson Missouri Auto Sales, Inc. an auto salvage business located 7 miles west of Mexico, Missouri, was destroyed by fire. Judy Henness, at approximately 3:45 a.m., noticed the fire as she drove by plaintiffs' business. At that time it was apparently confined to the office portion of the building. She attempted first to make contact with someone on the emergency CB channel. Unsuccessful, she then stopped at a store located a short distance from the burning building and woke the inhabitants, Mr. and Mrs. Holsheiser. Both husband and wife then separately dialed 911, the emergency telephone number but nothing happened—"it was like a dead line." Mr. Holsheiser then looked up the phone number for Ralph Hampton, a member of the Little Dixie Volunteer Fire Department and dialed his number. After Mr. Holsheiser explained the problem, Ralph Hampton dialed 911 twice but each time he heard only a "buzz." Finally, at 4:15, he dialed the 7 digit number for the City of Mexico Department of Public Safety and reported the fire. The Little Dixie Fire Department

responded by approximately 4:23. At that time, the entire building was engulfed in flames. Additional units from nearby communities were summoned. The building and its contents were a total loss. John Winfrey, a professional fire investigator, testified that within reasonable scientific certainty, only 5 to 10 percent of the building would have been lost if the fire department had received notice of the fire when the first attempt to turn in the alarm was made.

Plaintiffs' filed a two count petition against Southwestern Bell Telephone Company. In Count I, plaintiffs' alleged that the negligence of the defendant in failing to transmit the telephone alarm over emergency number 911 proximately caused the complete destruction of the buildings and contents belonging to plaintiffs.[1] Alternatively, plaintiffs' alleged res ipsa loquitur.[2] In Court II, plaintiffs' alleged that the 911 emergency telephone system was defective and caused an unreasonable danger to persons who might be reasonably anticipated to use the emergency system. Count II was dismissed at the close of the evidence. Cause was submitted to the jury on the res ipsa theory. Verdict was for the defendants. Plaintiffs' sole point on appeal is the correctness of defendant's verdict director, Instruction No. 6.

Plaintiffs' verdict directing instruction, Number 5, stated:

Your verdict must be for the plaintiffs if you believe:

First, defendant Southwestern Bell Telephone Company owned, installed and had the right to control the telephone emergency calls to the Mexico, Missouri Department of Public Safety on an emergency telephone number known as Number 911, and

Second, on the occasion mentioned in the evidence the emergency system known as 911 failed to operate and transmit messages to the dispatcher-operator of the City of Mexico, Department of Public Safety, and

Third, from the facts in evidence and the reasonable inferences therefrom, you find such failure was the direct result of defendant's negligence, and

Fourth, as a direct result of such negligence, plaintiffs sustained damage.

Defendant's verdict directing instruction Number 6 was an attempt to converse the instruction above:

Your verdict must be for the defendant on plaintiffs' claim for damages if you do not believe:[3]

First, that defendant owned, installed and had right to control the telephone wiring system, equipment and instruments used to take emergency calls to the Mexico, Missouri, Department of Public Safety on the emergency telephone number known as 911, or

Second, on the occasion mentioned in evidence the emergency system known as 911 failed to operate and transmit messages to the dispatcher-operator of the City of Mexico, Missouri, Department of Public Safety, or

Third, from the facts in evidence and the reasonable inferences therefrom, such failure was the direct result of defendant's negligence, *and*

Fourth, that plaintiffs sustained damage as a direct result thereof. (emphasis added)

Plaintiffs' assert that the giving of instruction Number 6 was error. They assert this Instruction deviated from the converse instruction forms in MAI 33.02 and was confusing, misleading, inaccurate in content and consequently prejudiced the plaintiffs. They contend the use of the conjunctive

---

1. Joe Deimeke owned the building and land. Missouri Thompson Auto Sales owned the contents.

2. Plaintiffs alleged: defendant had the right to control the wiring system and equipment providing emergency 911 service; emergency 911 failed to operate due to defendant's negligence; and said negligence caused damage to plaintiffs.

3. Effective June 1, 1980, the phrase "if you do not believe" is no longer to be used in a defendant's converse instruction. This case was tried in July, 1979. *Kunzler v. Estate of Kunzler,* 598 S.W.2d 139, 143 (Mo. banc 1980).

connector following the third paragraph is the source of the confusion. We agree that instruction Number 6 was inartfully drawn and the combination of disjunctive and conjunctive connectors requires disbelief of a fact and that plaintiffs sustained damages as a result of disbelief of a fact, a confusing concept.[4]

However, there was no prejudice to plaintiffs. Plaintiffs' had the burden of establishing each of the four elements in their verdict directing instruction: 1) that defendant controlled the instrumentality; 2) that 911 failed to operate properly; 3) that defendant was negligent and 4) that plaintiffs sustained damage. If the jury disbelieved any of the four elements, plaintiff was not entitled to recover. A defendant is entitled to a converse of plaintiffs' verdict directing instruction. *Frazier v. Ford Motor Co.*, 365 Mo. 62, 276 S.W.2d 95 (1955). A defendant may submit the exact converse of plaintiffs' submission, *Janssens v. Thompson*, 360 Mo. 351, 228 S.W.2d 743 (1950), or the converse of any one of the elements essential to plaintiffs' recovery, *McCarty v. Milgram Food Stores, Inc.*, 252 S.W.2d 343, 344 (Mo.1952). Plaintiffs' verdict directing instruction Number 5 is clear. "[I]f the jury found affirmatively on the four items submitted in Instruction Number [5], it would have found for plaintiff regardless of the contents of Number [6]." *Wims v. Bi-State Development Agency*, 484 S.W.2d 323, 326 (Mo. banc 1972). The purpose of the converse instruction was to direct a verdict for the respondent if the jury did not believe certain matters. If the findings of fact conflicted and the instruction was difficult to understand, it would be reasonable to conclude that the jury would have more difficulty in arriving at a verdict for respondent. We cannot see how appellant would have been prejudiced. *Sabbath v. Marcella Cab Co.*, 536 S.W.2d 939, 943 (Mo.App.1976); *Wims v. Bi-State Development Agency, supra.* Consequently, this point is ruled against appellant.

Affirmed.

WEIER and GUNN, JJ., concur.

4. See Revised Comments to MAI 33.01.