Robert L. COLE and Marsha
Cole, Appellants,

v.

Sheila Y. PLUMMER, Respondent.

No. WD 34319.

Missouri Court of Appeals,
Western District.

Nov. 1, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and
Denied Dec. 28, 1983.

Application to Transfer Denied
Jan. 17, 1984.

Richard C. Thomas of Bear, Hines &
Thomas, Columbia, for appellants.

William A. Atkinson of Oliver, Walker,
Carlton, Atkinson & Wilson, Columbia, for
respondent.

Before SHANGLER, P.J., and CLARK
and MANFORD, JJ.

MANFORD, Judge.

This is a civil action for the recovery of
damages for personal injuries. The judg-
ment was entered upon the jury's verdict
for defendant (Plummer). The judgment is
affirmed.

Two points are presented, which in sum-
mary charge that the trial court erred in (1)
the submission of respondent's converse in-
structions to appellants' verdict-directing
instructions, and (2) overruling appellants'
motion for new trial because the jury's ver-
dict was against the weight of the evidence.

In summary, the record shows that appel-
lant, Robert Cole, was standing in the medi-
an between eastbound and westbound traf-
fic lanes of I–70 at about 9:00 a.m. on

February 8, 1980. The I–70 location was within the city limits of the city of Columbia, Missouri. The roadway at the accident scene was covered with snow and ice. Robert Cole was in the median in the process of hooking a tow-rope to his wife's (co-appellant's) automobile, which had become stuck at the accident location. Efforts to move the wife's automobile included the hooking of the tow-rope to Robert Cole's truck which was parked partially in the median and partially on the left-hand or inside shoulder of the westbound lane of I–70. Respondent later testified, "I came over the hill and my car started skidding. I downshifted but I could not control it." Appellant Robert Cole was struck by respondent's vehicle and sustained injuries. Appellants tried and submitted their case (Robert Cole's wife joined as a plaintiff with a claim for loss of consortium) on the res ipsa loquitur doctrine. The jury returned its verdict for the respondent (defendant). This appeal followed the overruling of timely-filed after-trial motions.

Under their first point, appellants contend that the trial court erred in the submission of respondent's converse instructions to their verdict-directing instructions. The respective instructions are as follows:[1]

Appellants' verdict-directing instruction:

### "INSTRUCTION NO. 8

Your verdict must be for plaintiff Robert Cole if you believe:

First, defendant was the driver of the automobile, and

Second, the automobile left the highway and ran into the median, and

Third, from the facts in evidence and the reasonable inferences therefrom, you find such occurrence was the direct result of defendant's negligence, and

Fourth, as a direct result of such negligence, plaintiff Robert Cole sustained damage."

Respondent's converse instruction:

### "INSTRUCTION NO. 9

Your verdict must be for defendant unless you believe defendant was negligent as submitted in Instruction No. 8."

Appellants' verdict-directing instructions are patterned upon MAI 31.02(1). Respondent's converse instructions are taken verbatim from MAI 33.03(2).

Appellants' contention before this court is that the trial court erred in the submission of respondent's converse instructions, because the submitted converse instructions did not conform to or follow the "Notes on Use" to MAI 33.01. Specifically, appellants argue that they were prejudiced by the failure of the converse instructions to repeat paragraph "third" of their verdict-directing instructions which states, "Third, from the facts in evidence and the reasonable inferences therefrom, you find such occurrence was the direct result of defendant's negligence, and . . .".

Appellants derive two conclusions and present them as their argument to this court. First, they conclude that the converse instructions were a deviation from MAI in that they were not written in substantially the same language, and thus, they are presumptively erroneous. They then conclude that they were prejudiced because the converse instructions "effectively took away from the appellants the benefit of the res ipsa loquitur doctrine." The appellants note the rule that the burden of establishing non-prejudice is upon the proponent of the instruction when a deviation is shown. Appellants contends that respondent failed to carry her burden to show why the incorrect converse instruction was not prejudicial.

Respondent counters by stating that the converse instructions are taken verbatim from MAI, and thus are not a deviation. From this position, respondent contends that there never arose the burden of prov-

---

1. The record reveals a second verdict-directing instruction on behalf of appellant Marsha Cole's claim for loss of consortium followed by a second converse instruction submitted by respondent. The only distinguishing feature between the two converse instructions is the reference by number to the appropriate verdict-directing instruction.

ing the non-prejudice of the converse instruction.

Appellants direct this court's attention to the following decisions, which they contend both control and demand reversal of the judgment herein. The first authority is *Vest v. City National Bank & Trust Co.*, 470 S.W.2d 518 (Mo.1971), a case involving a claim for personal injuries arising from alleged medical malpractice. *Vest* declares the general rule that the Notes on Use to MAI are to be followed. *Vest* is not otherwise applicable to the instant case. Appellants then direct this court's attention to *Royal Indemnity Co. v. Schneider*, 485 S.W.2d 452 (Mo.App.1972), a case involving a claim by an insurer as assignee of a claim for the collapse of a building. *Royal*, at 458, stands for the proposal that the Notes on Use should "be religiously followed." *Royal* is not otherwise applicable to the instant case. Further, this court is directed to *McGowan v. Hoffman*, 609 S.W.2d 160 (Mo.App.1981), a case seeking recovery for personal injuries by an automobile passenger. *McGowan* declares that deviation from applicable MAI instructions creates the presumption of error. In *McGowan*, the court cites to *Brown v. St. Louis Public Service Co.*, 421 S.W.2d 255, 259 (Mo. banc 1967), and *Murphy v. Land*, 420 S.W.2d 505, 507 (Mo.1967), both of which declare that deviations from MAI create the presumption of prejudicial error unless it is made perfectly clear by the proponent of the instruction that no prejudice could have resulted from the deviation. The same rule of presumptive error was stated in *In Re Estate of Passman*, 537 S.W.2d 380, 384 (Mo. banc 1976).

The foregoing authority is without question a collective declaration of the mandatory requirement that MAI, inclusive of the Notes on Use, is to be followed. In the instant case, respondent's converse instructions do not violate the principles announced within the foregoing authority.

Appellants attempt to buttress their contention by pointing out that the doctrine of res ipsa loquitur "is a difficult one for the jury to grasp." They further point out that

when a plaintiff proceeds upon the doctrine in pursuit of his or her claim, the plaintiff need not prove any particular act of negligence by the defendant. This is a correct analysis of the doctrine as recognized by our courts. *Neis v. National Super Markets, Inc.*, 631 S.W.2d 690 (Mo.App.1982). From the foregoing premise and rule, appellants then declare that a defending party has "a broader burden to meet." Appellants conclude that in such cases, a defendant is required to, and must, converse the *inference* of negligence which arises from and as a result of the application of the res ipsa loquitur doctrine. To further illustrate, appellants offer an analogy to the complexity of jury instructions related to the assertion and application of the humanitarian doctrine.

While appellants clearly set forth certain clearly defined rules and principles applicable to MAI, their argument goes wanting, and thus, fails in the present case for three reasons. First, the converse instructions herein were taken verbatim from MAI 33.03(2). There was no deviation from MAI, because the instructions were written in substantially the same language. Secondly, respondent herein submitted her converse instruction in such manner as to converse only one element of appellants' verdict-directing instructions, to wit, negligence. There is no dispute between the parties that the terms negligent and negligence as used in the present instructions are interchangeable terms carrying and describing the same meaning. Respondent had the option to converse the appellants' verdict-directing instructions in their entirety or only a single element as she has done herein. *Snyder v. Chicago, Rock Island and Pacific Railroad Co.*, 521 S.W.2d 161 (Mo.App.1973); *Lietz v. Snyder Manufacturing Co.*, 475 S.W.2d 105 (Mo.1972); *Birmingham v. Smith*, 420 S.W.2d 514 (Mo. 1967); *Thompson Missouri Auto Sales, Inc. v. Southwestern Bell Telephone Co.*, 624 S.W.2d 56 (Mo.App.1981). *See also* Rule 70.02(f). Thirdly, while appellants contend that the converse instructions did not conform to the Notes on Use to MAI 33.01,

appellants' challenge is really to the failure to conform to the comments on MAI 33.01. Such failure is not prejudicial error. *Sall v. Ellfeldt,* —— S.W.2d —— (Mo.App.1983) (No. WD 33480, filed May 31, 1983).

There was no deviation from MAI as contended by appellants, and such being the ruling of this court, the issue of respondent's burden of proving non-prejudice is neither reached nor ruled.

Appellants' point (1) is found to be meritless and is ruled against them.

Under their point (2), appellants charge that the trial court erred in failing to sustain their motion for new trial, because the verdict and judgment were against the weight of the evidence.

It is apparent from appellants' brief and argument that no question of the sufficiency of the evidence is presented. Appellate courts, under our system, do not weigh the evidence. While there may appear to be a rather fine distinction between the terms "sufficiency of the evidence" and "weight of the evidence," the distinction nonetheless is a real and substantial one. The difference has been noted by our state supreme court in the case of *Taylor v. F.W. Woolworth Co.,* 641 S.W.2d 108, 111 (Mo. banc 1982), wherein the court declared: "The sufficiency of the evidence is a question of law, but the weight of the evidence is a matter of discretion. See *Lifritz v. Sears, Roebuck and Co.,* 472 S.W.2d 28, 32–33 (Mo.App.1971)."

*Taylor* further denotes that the foregoing distinction exists in a jury-tried case as well as a court-tried case. The weight of the evidence lies within the discretion of the trial court, and its ruling thereon will not be disturbed absent a showing of an abuse of that discretion. *Stanziale v. Musick,* 370 S.W.2d 261 (Mo. 1963). *See also Snodgrass v. Headco Industries, Inc.,* 640 S.W.2d 147, 156 (Mo.App. 1982), for the applicable rule which declares: "This appellate court is not to weigh the evidence, and from the record it cannot be said the jury's awards should be disturbed." *Snodgrass* is not only applicable

to the instant case, but squarely disposes of appellants' point (2).

There is no merit to appellants' point (2) and it is ruled against them.

Judgment affirmed.

All concur.