**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Irma Lynette KIRKSEY,
Defendant-Appellant.**

**No. 51445.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 31, 1987.

---

Nick A. Zotos, St. Louis, for defendant-appellant.

Andrew Klein, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant, Irma Lynette Kirksey, appeals her conviction of stealing in violation of Section 570.030 RSMo a class A misdemeanor. Defendant was sentenced under sections 558.011.1(5) and 560.016 RSMo to a term of fourteen (14) days in the St. Louis County Jail and fined $100.

On January 12, 1985, defendant, Irma Kirksey, entered the Target Department Store at 8020 Olive in University City, Missouri. Defendant was accompanied by two teenage girls and a four year old boy.

Jackie Jones, security manager for the Target Store, testified she observed defendant select a Sanyo radio cassette player and a set of earphones and place those items in her shopping cart. Defendant was next observed going into the toy department, where she removed the price tag of $38.49 from the radio cassette player, destroyed the tag and replaced it with the tag of $6.49 from the earphones.

Defendant then proceeded to the clearance area of the store where she was observed removing a $5 red clearance tag from a piece of merchandise and placing it on a Peggy Pumpkin Doll in the next aisle. Defendant took the radio cassette player and the doll, along with other items to the checkout line.

While in the checkout line, the boy who was with defendant began to run away. Defendant handed the money to one of the girls who paid for the items while defendant went after the boy. Defendant then returned to the checkout line, got the merchandise, and left the store. Upon leaving the store, defendant was apprehended by Jackie Jones and Kevin Haywood, a University City Police Officer.

Defendant was then returned to the store with the merchandise. As is the store policy, the radio cassette player and the doll were taken from defendant and the purchase price was returned to her by Vicki Johnson, who is also a security guard at the store. The goods were then placed in a bag and placed in an evidence locker at Target until they were introduced into evidence at trial.

Defendant contends the trial court erred in three respects. In her first point, she asserts the trial court erred in allowing Jackie Jones, a security guard for the store, to testify as to the actual prices of the items. This testimony was allegedly based on a computer generated pricing list in effect at the time of the incident. She also alleges the trial court erred in admitting security guard Vicki Johnson's testimony after defendant was stopped. The testimony revealed that defendant's receipt for the items was examined by the witness to determine whether she had in fact paid

the lower prices. Then pursuant to store policy, the five dollars ($5) she had paid for one of the items and the six dollars and forty-nine cents ($6.49) she had paid for the other item were refunded to her. A refund receipt was made out at the time the items were seized as evidence. However, neither the original receipt, which was returned to defendant, nor the refund receipt were presented at trial. Defendant contends the testimony concerning the computer print-out and testimony relating to the original receipt and the refund receipt were inadmissible because the testimony was hearsay, not within any exception to the hearsay rule, and because the admission of that testimony was contrary to the best evidence rule. Defendant, relying in part on the above contentions also alleges the state failed to make a submissible case, because it failed to demonstrate the amount defendant actually paid for the goods was less than the amount at which they were originally priced and therefore no appropriation under Section 570.030 was proven.

■ At issue at trial was the establishment of the original prices of the two items and what defendant paid for them. The defendant's claim of a violation of the best evidence rule does not come into play simply because a witness is testifying to facts which are also contained in a writing. The rule is activated only when the terms of the writing, itself, are in dispute. *Moschale v. Mock*, 591 S.W.2d 415 (Mo.App.1979). "[W]here a fact ... to be proven exists independently of a writing, and there is also evidence of such fact written in writing, then both sources, i.e. oral or written evidence, become primary evidence and the best evidence rule is inapplicable." *Jourdan v. Gilmore*, 638 S.W.2d 763, 770 (Mo. App.1982). Here, the witness testified as to the amount she refunded to defendant and not to what was on the receipt. Ms. Johnson was testifying to a fact made through personal observation. The best

evidence rule is not applicable in this situation.

■ We next address defendant's claim she was prejudiced by the admission of hearsay as to what the computer print-out stated. What defendant ignores is the fact security officer Jones testified on direct examination that she witnessed the price stickers being switched. She also observed the prices on both the original stickers and those that were replaced. She testified as to the exact figures on all four stickers. The only time Jones testified concerning the computer print-out was when she was cross-examined as to whether or not she had done anything to *confirm* the original prices of the items. She replied she had checked two computer print-outs available in the store and they *confirmed* the prices to which she had testified. Statements based on the witnesses' personal knowledge are not hearsay. *Sabbath v. Marcella Cab Co.*, 536 S.W.2d 939 (Mo.App.1976). Certainly had the witness testified to the original prices solely on the basis of a computer print-out, her testimony would have been hearsay. However, there is no evidence of that occuring here. The record patently indicates she was testifying based on personal knowledge and observation. We find no error.

■ Defendant next challenges Vicki Johnson's testimony she had examined defendant's receipt and refunded five dollars for one item and six dollars and forty-nine cents for the other item. Direct testimony concerning the amount actually paid, if derived from the receipt would have been hearsay. Security officer Johnson, however, only testified as to her own actions. These statements were based on the witness' personal knowledge and not hearsay. "To violate the hearsay rule the declaration must assert another statement for the truth of the matter asserted." *Sabbath v. Marcella Cab Company*, 536 S.W.2d at 941. Johnson stated the amount refunded to the defendant[1] was the amount shown

1. Upon receipt of the refund, defendant accepted the amount without objection as to the accuracy of the refund.

on the receipt and the figures she had written on the refund receipt. However, she never testified the refund was the total actual amount appellant had paid. She noted the amount on the receipt in order to comply with the company's rules on refunds. Again, we do not find the hearsay rule was violated.

Finally, we address appellant's final point concerning the submissibility of the state's case on the issue of whether an appropriation had occurred. From Officer Jones' testimony appellant had switched the price markers, a reasonable inference can be made she intended to obtain the items for less than their actual prices. Officer Jones could not observe the numbers rung up on the register at the check-out. She did testify the checker looked at the price stickers before punching in any figures and neither appellant or the checker said anything or made any protest concerning the prices rung. Officer Johnson testified as to the amount refunded which was identical to the amount reflected on the original paid receipt.

■ "In reviewing to determine if a submissible case was made we accept as true all reasonable inferences drawn from the evidence and disregard all evidence and inferences to the contrary." *State v. Thomas*, 670 S.W.2d 138, 139 (Mo.App. 1984). Here, defendant was seen switching the price stickers on the items with stickers indicating lower prices. The lower prices were indicated on her receipt. She accepted a refund of only the amount equal to the prices found on the replacement stickers. A reasonable and logical inference from this evidence is defendant sought to and did, however temporarily, appropriate the items without paying the amount due for them. We hold the state made a submissible case on the issue of whether an appropriation had occurred. Defendant's point is denied.

The judgment is affirmed.

CRANDALL and KAROHL, JJ., concur.