Graves v. K. C., P. & G. R. R. Co.

GEORGE GRAVES, Respondent, v. KANSAS CITY, PITTS-
BURG & GULF RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 9, 1897.

1. **Railroads**: DAMAGE FROM OVERFLOW OF SURFACE WATER: NEG-
LIGENCE: PLEADING. In an action against a railroad for damages for
the washing away of plaintiff's land, the destruction of his improve-
ments, etc., alleged to have been caused by defendant's negligence in
failing to comply with section 2614 of the statutes, a petition which
contained no averment that there were other ditches, drains, or water
courses into which the surface water could have been drained if lat-
eral ditches had been dug so as to connect with them, was fatally de-
fective.

2 ———: ———: LIABILITY OF AS OPERATORS ONLY. The rule of the
nonliability of a "continuer" of the existing *status*, has no application
to a railroad claiming to be operating the road merely under a license
of the constructors and proprietors, where the action is not for the
maintenance of a nuisance.

3. ———: ———: MEASURE OF DAMAGES. In determining the damage
to land, by the washing of the soil, the measure of damages is the dif-
ference in value of the land before and after the overflow, by reason
of such washing, and of the improvements, their actual cash value,
or such sum as would, if properly expended, restore the premises to
their former condition, and if the beneficial enjoyment of the prem-
ises has been interfered with, by the destruction of the improve-
ments, then the rental value for the time it would have taken to re-
store the improvements should, in addition, be added to the value of
the property destroyed.

*Appeal from the Newton Circuit Court.*—HON. J. C.
LAMSON, Judge.

REVERSED AND REMANDED; all the judges concurring;
Judge BOND in the result.

*Trimble* and *Braley* for appellant.

The only ditches and drains defendant is bound
to construct are such as may be necessary "to connect

with ditches, drains, or water courses." There is no averment in the petition that the construction of such ditches was necessary for the purpose of connecting with ditches or water courses. *Byrne v. R. R.*, 47 Mo. App. 383; *Field v. R. R.*, 76 Mo. 615.

Plaintiff can not allege one cause of action in his petition and recover on another not stated. *Harty v. R. R.*, 95 Mo. 368; *Waldhier v. R. R.*, 71 *Id.* 514; *Hite v. R'y*, 130 *Id.* 132; *Field v. R. R.*, *supra;* Black on Judg. 183.

The court erred in permitting evidence to go to the jury tending to prove the value of fences, sheds, clover and soil as separate items, and in permitting plaintiff to state how much the lot was damaged by reason of the washing away of the improvements. *Shannon v. R. R.*, 54 Mo. App. 223; . Sedg. on Dam. [8 Ed.], sec. 942.

Plaintiff can not recover in this action, because all the water from which he claims to have been injured was surface water. *Collier v. R. R.*, 48 Mo. App. 398; *Jones v. R. R.*, 84 Mo. 151; *Field v. R. R.*, 21 Mo. App. 600; *Abbott v. R. R.*, 83 Mo. 271.

Defendant was in possession only for the purpose of operating the road, and is not liable for any of the alleged acts of negligence growing out of its construction. *Rychlicki v. St. Louis*, 115 Mo. 662; Wood on Nuisance [2 Ed.], sec. 838.

If plaintiff was injured, it was caused by an unusual and extraordinary rainfall, against which defendant was not bound to provide. *Ellet v. R. R.*, 76 Mo. 718; Sedg. on Dam., secs. 32, 33; Gould on Waters, sec. 297. *Coleman v. R.R.*, 36 Mo. App. 476; *Trust Co. v. R. R.*, 57 Fed. Rep. 441; *R. R. v. School Dist.*, 42 Am. Rep. (Pa.) 529.

No brief filed for respondent.

BIGGS, J.—The defendant operates a railroad in Newton county. The plaintiff is the owner of four acres of land situated within the corporate limits of the city of Neosho. The land is bounded on the North by McKinney street, on the south by Park street, and on the east by the railroad. Extending south from the land is a small valley through which the railroad is constructed. The natural flow of the water at that point is from south to north or northeast into Hickory street. In September, 1895, the plaintiff's land was overflowed by surface water coming from this valley, destroying his crops and washing away the fences and some of the soil. The plaintiff claims that the overflow was caused by the failure of the defendant to comply with the following statute: "It shall be the duty of every corporation, company, or person owning or *operating* any railroad or branch thereof in this state, and of any corporation, company, or person constructing any railroad in this state, within three months after the completion of the same through any county in this state, to cause to be constructed and maintained suitable ditches and drains along each side of the roadbed of such railroad, *to connect with ditches, drains, or water courses,* so as to afford sufficient outlet to drain and carry off the water along such railroad whenever the draining of such water has been obstructed or rendered necessary by the construction of such railroad. * * * and any corporation, company, or person failing to comply with the provisions of this section shall incur a penalty not to exceed five hundred dollars, and be liable for all damages done by said neglect of duty." R. S. 1889, sec. 2614. The italics are ours. The cause of action as stated in the petition is as follows:

"That prior to the construction of said railroad, said land was not subject to overflow. That defendant in constructing and maintaining its said railroad,

raised the embankment thereof above the surface of plaintiff's said land, thereby obstructing the flow of the surface water along the same, causing the same to flow over the said lot. That said defendant negligently, unlawfully, and wrongfully failed to construct, keep open and maintain suitable ditches and drains along the side of its said road where it passes along the side of said lot of plaintiff as aforesaid, so as to afford sufficient outlet to drain and carry off the water along said railroad where the same had been rendered necessary by the construction of said railroad as aforesaid.

That in consequence of the neglect and failure of defendant in failing to keep open and maintain suitable ditches and drains along the side of its said railroad where it runs along the said lot of plaintiff, the surface water in the year 1895 accumulated and collected on the west side of said road, and overflowed plaintiff's said lot, thereby washing away and destroying one thousand feet of paling fence, and one chicken shed and four hundred feet of post, board and wire fence, ten bushels of potatoes, five bushels of rye; and thereby overflowing and destroying one acre of clover, one half acre of corn, and further destroying and washing away the top soil of one acre of land, thereby rendering it valueless for garden purposes," etc.

The answer is a general denial. It also sets forth that the overflow complained of was the result of an unusual and extraordinary rainstorm; that the railroad was owned by the Philadelphia Construction Company, and that the defendant was placed in possession by the owner merely for the purpose of operating the road, and for no other purpose, except to make such repairs as were incident only to its operation. It was unnecessary to plead these facts, for if they afford a defense, they could be shown under a general denial.

VOL. 69 app—37

The verdict and judgment were for the plaintiff, and the defendant appealed.

The circuit court committed error in overruling the objection of the defendant to the introduction of any evidence. The petition failed to state a cause of action. It was admitted that it was surface water that did the damage to plaintiff's land. The common law rule as to such water prevails in this state; that is, owners of land may protect or improve their estates by obstructing or diverting it, unless it is done in a reckless manner to the injury of a neighbor. Railroad companies in the construction of their roadbeds are protected by this rule, except under the circumstances stated in the statute; that is, if, by digging lateral ditches the surface water can be conveyed into other ditches, drains, or water courses, it is made their duty to do so. But if there are no such other ditches, drains, or water courses with which the lateral ditches may be connected, then no such duty is imposed. The object of the statute is to minimize the damage which may result to other landowners by reason of the construction of the road. *Byrne v. Railroad*, 47 Mo. App. 383; *Field v. Railroad*, 21 Mo. App. 600. The petition here contains no averment that there were other ditches, drains, or water courses into which the surface water could have been drained if lateral ditches had been dug so as to connect with them. Without this averment the pleading was fatally defective. *Field v. Railroad, supra.*

In view of a probable retrial of the case there are other questions presented by the record that ought to be noticed. It was admitted by the defendant company that at the time of the overflow (and for some time prior thereto) it was operating the railroad. There was

RAILROADS:
damage from
overflow of
surface water:
pleading.

DAMAGE from
overflow of
surface water:
liability of rail-
roads as opera-
tors only.

some evidence that the railroad was owned and constructed by the Philadelphia Construction Company, and that the defendant was running it under a license from the construction company, with power only to make repairs incident to its operation. Under this evidence the claim is, that the defendant is not liable as a "continuer," so to speak, of the existing *status*, at least not until after notice and request to dig the ditches. The principle invoked is sometimes applied to the continuation of an ordinary nuisance on land by a subsequent proprietor or lessee. *Rychlicki v. City of St. Louis*, 115 Mo. 662. The action here is not for the maintenance of a nuisance, and hence the rule which defendant invokes has no application whatever. The language of the statute is, that every company "*operating*" any railroad in this state shall construct and maintain suitable ditches, etc. This is made an imperative duty. The defendant as the operator of the road was compelled to take notice of and remedy any defects in its original construction, and if the defect complained of existed and it failed to remedy it, the statute was violated and the defendant must answer for the resulting damage.

The court gave the following instruction as to the measure of damages:

"You are instructed that in estimating plaintiff's damages, you will allow him for rye, potatoes, and vegetables if wholly destroyed, the value of the amount destroyed on the ground, and in determining the damage to the land, you will allow such sum as equals the difference of the value of the land immediately before and after the overflow caused by the same in removing therefrom the fence and chicken house and soil, if any was so removed."

This instruction is unobjectionable as to the crops, but is faulty as to other items of damage. For injury

MEASURE of damages.

to the land itself, that is, the washing of the soil, the measure of damage is the difference in the value of the land before and after the flood by reason of this particular injury. As to the houses and fences their actual value is the measure of damages. Such value is measured by the sum which would, properly expended, restore the premises to their former condition. If the destruction of the fences and houses interfered with the beneficial enjoyment of the premises, then in addition to the value of the property destroyed the loss of the rental value for the time it would have taken to restore the improvements should be added. 3 Sedg. Damages, secs. 938, 1015; *Marvin v. Pardee,* 64 Hard. 353; *Avery v. Searcy,* 50 Ala. 54; *Logansport v. Wray,* 52 Ind. 578; *Marks v. Culmer,* 34 Pac. Rep. 528.

The allegation of negligence in the petition is that the defendant failed to construct and maintain ditches through the plaintiff's land. This averment is sustained by the proof only in a measure. It appears that there is a ditch on the east side of plaintiff's land from a point about eight feet from its south line and extending in a northerly direction to McKinney street, where it intersects another ditch. Park street is the southern boundry of plaintiff's land, and this street crosses the railroad track on a fill. The defendant failed to construct lateral ditches south of this street and a culvert through the embankment so as to afford a passageway for the water coming from the south, thereby forcing the water to go to the west and over the street onto plaintiff's premises. We would suggest an amendment to the petition, so as to conform to the true facts of the case.

For the errors suggested the judgment will be reversed and the cause remanded. All the judges concur; Judge BOND in the result.