Ernest F. HELTON and Martha M. Helton,
Respondents,

v.

CITY OF ST. JOSEPH, Missouri, a
Municipal Corporation,
Appellant.

No. 23126.

Kansas City Court of Appeals.

Missouri.

Oct. 3, 1960.

Joseph G. Wood, Richard W. Dahms, St. Joseph, for appellant.

Dale, Potter & Flynn, St. Joseph, for respondents.

SPERRY, Commissioner.

Plaintiffs, husband and wife, are the owners of a house and fifteen lots in Florence Addition to St. Joseph, Missouri, which they leased to defendant for a term of two years with an option to purchase. This suit is for waste and damages alleged to have been committed to the house during the leasehold term, through the failure of defendant to properly preserve and protect it. There was a verdict and judgment for plaintiffs in the sum of $800, from which defendant appeals.

Plaintiffs offered substantial evidence tending to prove their ownership of the property; that they had acquired the house and five lots for the sum of $1,000, and later acquired title to the remaining lots; that, at the time the lease was entered into, the house was occupied by a tenant who was paying a rental of $25 per month; that it was in good condition and repair; that the whole property was then worth $3,000 to $3,500; that they contracted to lease it to defendant for two years at $35 per month, and gave defendant an option to buy it for the sum of $3,000; that their tenant vacated the house and defendant took control under the lease. Their evidence further tended to prove that defendant failed to place anyone in the house as a tenant or to provide a guard or caretaker for it; that it was wholly unsupervised, unoccupied, and that children and vandals broke out the doors and windows, broke and marred the floors, walls and closets; that the floors were damaged by fire, the plaster knocked off, the plumbing destroyed, and the outdoor toilet burned; that the total damage done to the

house was in excess of $1,200; that the actual costs of repairs was near that figure; that when they repossessed the house it was in about the same condition it was in when plaintiffs originally purchased it for $1,000 and before they spent large sums to put it in good condition for occupancy and rental. Defendant made no objection to the introduction of plaintiffs' evidence as to the cause and extent of the damages to the house, nor as to the cost of repairs thereto. On the contrary, it cross-examined all of plaintiffs' witnesses as to such testimony and, thereafter, itself offered the testimony of various witnesses as to those facts. Such testimony tended, in some respects, to be contradictory of the facts elicited from plaintiffs' witnesses. Defendants' witnesses testified to facts tending to prove that the house, exclusive of the plumbing, could have been restored, by the use of used materials, for about $532. Plaintiffs evidence as to the cost of repairing the plumbing, $78.50, was not questioned. In short, the cost of restoration of the house from its damaged condition to a condition suitable for tenancy, including repair of the plumbing, ranged from $600 on the part of defendant, to more than $1,200 on the part of plaintiffs; and the verdict was for $800.

Defendant's contention of error is stated as follows: "The Verdict of the Jury is Against the Law, Is not Supported by Any Evidence in the Case and was not Arrived at in Accordance with the Instructions of the Court and More Particularly Instruction No. 6."

Plaintiffs' main verdict directing instruction followed the evidence in the case as to the nature and extent of the damages. It is to be remembered that both parties offered testimony along that line and neither offered any *direct* testimony as to the value of the property immediately before the rental contract was entered into, and immediately after it was rescinded and terminated. However, defendant contends here that such is the true measure of damages in an action to recover for waste; and

it offered such an instruction, numbered 6, at the close of the case. It was given by the Court. Defendant now says the Court erred in giving that instruction for the reason that there is no evidence of record upon which to base it. It is the law that, if the instruction is erroneous, nevertheless, since defendant requested it, it cannot complain of the error. Kansas City Suburban Belt R. R. Co., v. Kansas City St. L. & C. R. Ry. Co., 118 Mo. 599, 24 S.W. 478, 483; Crutchfield v. St. L. K. C. & N. Ry. Co., 64 Mo. 255, 257. A party may not complain of a lack of evidence to support the giving of an instruction which he himself requested. Reilly v. Hannibal & St. J. R. Co., 94 Mo. 600, 7 S.W. 407, 411.

While the general rule is that the measure of damages in a case of this kind is the difference between the market value of the realty immediately prior to being damaged and immediately thereafter yet, where the damage is small in comparison to the total value of the property and is readily ascertainable and where the verdict is not excessive, the amount of such damage may be arrived at by determining the cost necessary to restore the property to its former condition. Finley v. Austin, Mo.App., 132 S.W.2d 1109, 1115. In the case at bar, as in the Finley case, there was evidence from which the jury could have arrived at the difference between the value of the property before and after the damage was suffered. Also see Oberhaus v. Eichwald, Mo., 303 S.W.2d 29, 31, where defendant offered no evidence of market value and failed to object to evidence of cost of repairs offered by plaintiff. It was held no error was committed of which defendant could complain.

Here it was shown, without contradicting testimony, that the value of the whole property was from $3,000 to $3,500. The jury found from the evidence, as it well could have done, that the cost of restoring the property to a condition as good as it was before the lease was made, was $800. The facts in this case bring it within the class governed by the last above stated rule. It

was tried on that theory by both parties and it does not appear that prejudicial error affecting the merits of the case was committed.

The judgment should be affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court.

All concur.