**Wanda SMITH, Respondent,**

v.

**Charles NORMAN and Ruth Norman, Appellants.**

**No. 40377.**

Missouri Court of Appeals, Eastern District, Division Three.

Aug. 21, 1979.

---

Alan J. Baker, Leyhe, Meyer, Leyhe, Baker & Lobel, Clayton, for appellants.

Kathleen A. Creanza, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for respondent.

CLEMENS, Senior Judge.

Plaintiff-landlord sued her former tenant to recover damages for injuries done to her leased premises. The jury awarded plaintiff $3,500 and defendant has appealed the ensuing judgment. The core issue on appeal is the measure of plaintiff's damages— the cost of repairs or the diminution of the building's value.

Defendant had occupied an eight-room apartment in plaintiff's six-unit building. The lease required him to surrender the apartment in good order and repair, ordinary wear excepted. Plaintiff's petition alleged and her evidence showed that when defendant vacated the apartment it was in disarray and plaintiff was compelled to furnish materials to have it renovated by several repairmen at a cost of $4,800. There was no evidence of overall before-and-after value, and defendant contends that without this plaintiff failed to make a submissible case.

Defendant's main point on appeal is that the court erred in admitting plaintiff's evidence as to the cost of repairs without also having shown just how much defendant's use diminished the building's overall value. No such evidentiary objection was raised at trial. However, the argument stressed in defendant's appellate brief points to the absence of opinion evidence to show overall diminution in value. In her brief plaintiff responds to this argument and we will consider that as the issue on this appeal.

Cases cited hereinafter show two parallel methods for measuring the amount of damages for injury to real property. In sum, where the injury is extensive or permanent the measure of damages is the reduction in the overall value of the property as a whole; in contrast, where the injury is slight—when compared with the overall size and value of the realty—and the injury can readily be remedied by repair, then the measure of damages is the expense of restoration. The latter method is not inconsistent with the former. This, because in the case of slight injury the cost of repair logically reflects the amount the property was reduced in value. See 25 C.J.S. Damages

§§ 72, 84a and 85a; and 22 Am.Jur.2d, §§ 132 and 135.

To clarify the apparent inconsistencies in Missouri cases—often dealing with extensive permanent injuries, sometimes with minor, temporary injuries, and frequently with both—we cite the following cases to show there was no error here in submitting the case only on the basis of cost of restoration.

The early case of *Graves v. K.C., P. & G.R.R. Co.*, 69 Mo.App. 574 (1897), concerned damages claimed both for flooding land and for destroying fences. The decision upholds two methods of measuring the damage, holding:

"For injury to the land itself, that is, the washing of the soil, the measure of damage is the difference in the value of the land before and after the flood by reason of this particular injury. As to the houses and fences their actual value is the measure of damages. Such value is measured by the sum which would, properly expended, restore the premises to their former condition."

Following *Graves*, the court in *Wiggins v. St. Louis, M. & S.E. Ry. Co.*, 119 Mo.App. 492, 95 S.W. 311[1] (1906), also dealt with injuries both to fences and a permanent meadow. The court condemned a "reasonable value" damage instruction as to the permanent injury to the meadow, but upheld it as to the fence injury, holding "the actual value of the fence was the measure of the recovery therefor, and such value may be ascertained by the time and money properly expended to restore the fence to its former condition."

Next, *Adam v. Chicago, B. & Q. Ry. Co.*, 122 S.W. 1136[1] (Mo.App.1909) was a case seeking damages for both temporary and permanent damages. The court noted that Missouri decisions were not harmonious but held: "Where the destruction of the thing includes but a temporary injury to the land, and the thing may be replaced in a comparatively brief period, the true measure of damages is the cost of replacing it and the rental value of the land until it is replaced; but where the destruction of the thing in-

flicts more than a temporary injury to the land, or the replacement would be impossible or tedious and uncertain both in cost and result, the criterion is the damage inflicted on the market value of the land." *Adam* was followed in *DeSalme v. Union Electric Light & Power Co.*, 232 Mo.App. 245, 102 S.W.2d 779[2] (1937), where Judge Bennick distinguished between injuries to property which are temporary and can be repaired, and injuries that are permanent and irreparable.

The same principle was followed in *Southside Realty Co. v. St. Louis & S.F.R. Co.*, 154 Mo.App. 364, 134 S.W. 1034[11] (1911) where the court dealt with short-term flood injuries to houses and fences, and ruled: "Such value is measured by the sum which would be properly expended to restore the premises to their former condition."

The above line of cases was summarized in *Dimick v. Noonan*, 242 S.W.2d 599[2] (Mo.App.1951):

"The measure of damages for injury to real property is not invariable, the amount to be awarded being such sum as will compensate the injured owner for the detriment proximately caused thereby. Ordinarily, the difference between the fair value of the property immediately before and immediately after the injury will be taken as the measure, at least where the injury is permanent, or where the damage cannot be well expressed in specific items of injury, although it affects in a substantial degree the value of the entire property as a unit. . . .

"Where the injury to real property is merely temporary, or where the property can be restored to its original condition, the measure of damages may be, or should include, the cost of restoration, as [to] where the injury is susceptible of remedy at a moderate expense and the cost of restoration * * * is less than the diminution in the value of the property."

In *DeArmon v. City of St. Louis*, 525 S.W.2d 795[7–9] (Mo.App.1975), the court recognized the distinction in determining

damage to a building (1) on a cost-of-repair basis when injury is only to a small part of the building and was insignificant as compared to the value of the building as a whole, and (2) on a diminution of value basis where the injury was extensive and permanent.

Defendant acknowledges that "diminution in value is not the sole measure of damages," citing *Misch v. C.B. Contracting Company*, 394 S.W.2d 98[6] (Mo.App.1965), holding: "The cost of repairs or restoration is competent evidence to be considered in determining the damage suffered . . . and is sometimes the predominant criterion."

Defendant also cites *Helton v. City of St. Joseph*, 340 S.W.2d 198 (Mo.App.1960), a case remarkably comparable to ours. Instead of aiding defendant, that case refutes his appellate contention. In *Helton* plaintiff landlords sued and had judgment against defendant tenant for $800 to repair damaged doors, plaster and plumbing done to the premises during the lease term. There, as here, that evidence came in without objection and there was no evidence of before-and-after values. The court held that this evidence did, in effect, establish "the difference between the value of the property before and after the damage was suffered." In explanation, the court added: "While the general rule is that the measure of damages in a case of this kind is the difference between the market value of the realty immediately prior to being damaged and immediately thereafter yet, where the damage is small in comparison to the total value of the property and is readily ascertainable and where the verdict is not excessive, the amount of such damage may be arrived at by determining the cost necessary to restore the property to its former condition."

■ Reverting to the evidence before the trial court we note that plaintiff's evidence was that the injuries to the apartment occupied by defendant was temporary and had readily been repaired. Considering that and the fact defendant's apartment was but one of the six units in the building,

it would be unrealistic to require plaintiff to introduce further evidence of the before-and-after value of plaintiff's six-unit building. We hold the trial court did not—as defendant complains—err in submitting the case on plaintiff's evidence as to her cost of repair.

■ Defendant's second assignment of error is that the evidence did not support the measure of his damage instruction, Number 7, MAI 4.02 modified, submitting the issue of reduction in market value. This was defendant's own instruction, not plaintiff's. We deny the point on authority of *Helton* [1, 2], holding: "A party may not complain of a lack of evidence to support the giving of an instruction which he himself [has] requested."

■ Defendant's third point is that there was no evidence he caused any of the injuries. To the contrary, two witnesses testified the apartment was in good condition at the beginning of the lease and in need of extensive repairs at the end. This warranted the jury's finding for plaintiff.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.