**LIPTON REALTY, INC., Appellant and Respondent,**

v.

**ST. LOUIS HOUSING AUTHORITY, Respondent and Appellant.**

Nos. 49261, 49265.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 14, 1986.

Motion for Rehearing and/or Transfer Denied Feb. 11, 1986.

Application to Transfer Denied March 25, 1986.

P. Terence Crebs, St. Louis, for Lipton Realty, Inc.

Edward C. Cody, Mark S. Howenstein, St. Louis, for St. Louis Housing.

CRANDALL, Presiding Judge.

Plaintiff, Lipton Realty, Inc. (Lipton), in a jury-tried case, appeals from the trial court's dismissal of Count I of its petition against defendant, St. Louis Housing Authority (Housing Authority), and from the judgment in favor of Housing Authority on Count II of its petition. Housing Authority cross-appeals from the judgment in favor of Lipton on Count III of Lipton's petition. We affirm.

Housing Authority by written consent leased an apartment complex in St. Louis, Missouri, from Lipton. After the term of the lease expired, Lipton filed a three-count petition for damages against Housing Authority. Count I sought $397,481 in damages for the cost of repairs which Housing Authority was required but failed to make under the lease agreement. Count II sought "in the alternative" $152,100 which represented the diminution of the fair market value of the property caused by Housing Authority's failure to make repairs as alleged in Count I. Count III was for unpaid rent allegedly due under an extension of the lease agreement.

On Lipton's motion, the trial court ordered a separate trial of Count I, the cost of repair claim, pursuant to Rule 66.02. The trial court then sustained Housing Authority's motion to dismiss Count I and designated the order a final judgment for purposes of appeal under Rule 81.06. We dismissed the appeal without prejudice as premature for the reason that Counts I and II constituted one claim with alternative theories of recovery. The dismissal of Count I was only a partial disposition of a single claim and therefore not a final judgment. *Lipton Realty, Inc. v. St. Louis Housing Authority,* 655 S.W.2d 792 (Mo. App.1983).

At trial, the jury found for Housing Authority on Lipton's diminution of fair market value claim (Count II) and for Lipton in the amount of $18,100 on its unpaid rent claim (Count III). On appeal we view the evidence in the light most favorable to the verdict, considering only that which supports it, and disregarding contrary evidence and inferences. *Lane v. Cape Mut. Ins. Co.,* 674 S.W.2d 644, 645 (Mo.App. 1984).

Lipton's first point challenges the trial court's dismissal of Count I of its petition.[1] Count I sought damages for Housing Authority's failure to repair and maintain the apartment building. Lipton asserts that cost of repair is the proper measure of damages for breach of an express covenant to repair and maintain.[2]

■■■ The scope of review for a motion to dismiss requires an examination of the pleadings, allowing them their broadest intendment, treating all facts alleged as true, construing allegations favorably to plaintiff, and determining whether the petition invokes principles of substantive law. *Green Quarries, Inc. v. Raasch,* 676 S.W.2d 261, 263 (Mo.App.1984). If the trial court does not specify the theory upon which it based its ruling in granting a motion to dismiss, we presume it was on the grounds specified in defendant's motion. *Johnson v. Great Heritage Life Ins. Co.,* 490 S.W.2d 686, 690 (Mo.App.1973). Housing Authority's motion alleged that the cost of repair sought in Count I was the improper measure of damages.

■■ Count I of Lipton's petition sought the cost of repairs. Count II sought, in the alternative, diminution in value which represented the difference between the fair market value of the apartment complex before and the value after it was leased by Housing Authority. Lipton's petition alleged that the cost of repair was $397,481, which was substantially more than the diminution in fair market value of $152,100. Recovery based upon cost of repairs is subject to an absolute ceiling of diminution in value. *Missouri Baptist Hospital v. United States,* 555 F.2d 290, 296, 213 Ct.Cl. 505 (1977). Lipton's petition, on its face,

---

**1.** We decline to address the procedural issue raised in this appeal regarding the necessity of Lipton's including the trial court's dismissal of Count I as a point of error in its motion for new trial. Accordingly, we consider Lipton's first point on the merits. A prudent course of conduct, however, would be to include all allegations of error in a motion for new trial.

**2.** The lease provided in pertinent part:

**6.** The Authority agrees to:

A. Repair any damage caused to the Premises by Authority or Tenants beyond normal usage, normal deterioration and normal wear and tear....

B. Maintain the Premises ... keep the Premises clean and free of nuisance and not to permit any illegal use of the Premises or any part thereof.

compels the use of diminution in fair market value to measure damages.

■ The facts of the case indicate that Lipton's action is essentially one for waste. § 537.420, RSMo (1969). It was characterized as such in Lipton's own pleadings. In an action for waste the measure of damages is generally the difference between the market value of the realty prior to being damaged and the value immediately thereafter. *Helton v. City of St. Joseph,* 340 S.W.2d 198, 199 (Mo.App.1960). Damages based upon diminution of value are used where the damage to the realty is permanent, or where the damage is not expressed well in specific items of injury, but is so extensive that it substantially affects the value of the property in its entirety. *Smith v. Norman,* 586 S.W.2d 84, 86 (Mo.App.1979). In contrast, when the damage is small in comparison to the total value of the property and is readily ascertainable, the amount of such damage is determined by the cost necessary to restore the property to its former condition. *Lustig v. U.M.C. Industries, Inc.,* 637 S.W.2d 55, 58 (Mo.App.1982).

■ In the present case, Lipton, together with representatives of Housing Authority, inspected the 22 apartments in the complex at the end of the leasing period. Although the list is not all-inclusive, the following items of damages were discovered: holes in the walls; broken windows; missing electrical fixtures; raised hardwood flooring; missing floor and wall tiles; deteriorating wall plaster; rubbish-blocked stairways; inoperative plumbing; missing door and window hardware; damaged exterior doors; and graffiti on the walls. The damage to the individual apartments and to the apartment building as a whole was extensive and permanent. *Compare Smith v. Norman,* 586 S.W.2d at 85–87 (damage to one apartment in a six-unit building). By Lipton's own admission in its pleadings, the expense involved in repairing or restoring the apartments to their original condition would greatly exceed the before-and-after value of the real estate. *Missouri Baptist Hospital,* 555 F.2d at 295. Given these facts, a cost of repair recovery for Lipton would be improper.

■ In its brief, Lipton contends that its action is not one for waste but one for breach of contract because of Housing Authority's continual breach of its covenant to repair or maintain. The purpose of damages in a contract action is to restore a plaintiff to the position he would have been in had the contract not been breached, rather then to place him in a better position. *Missouri Baptist Hospital,* 555 F.2d at 294. In the present case, damages based upon diminution in value accomplishes this end, because Lipton did not attempt to restore the property upon termination of the lease but rather sold the real estate pursuant to an "as is" sales contract. A diminution in value award makes Lipton whole, because it reflects the amount by which the property was reduced in value at the time of sale. Whether the action was one for waste or for breach of contract, the court was correct to submit diminution in fair market value as the proper measure of damages. The trial court properly dismissed Lipton's cost of repair claim in Count I. Lipton's first point is denied.

■ In its second point Lipton asserts that, even if the proper standard for damages is diminution in value, the trial court erred in refusing to admit evidence of cost of repairs. Evidence both as to cost of repairs and as to diminution in value of the property is essential only to establish which measure of damages results in a smaller recovery, for plaintiff is awarded only the lower amount. *See Reutner v. Vouga,* 367 S.W.2d 34, 41–42 (Mo.App.1963). The particular facts of each case determine which measure of damages is to be used. *Hensic v. Afshari Enterprises, Inc.,* 599 S.W.2d 522, 524 (Mo.App.1980). In the present case, Lipton's own petition specified the exact amounts for both cost of repair and diminution in value and further established that the cost of repair was substantially more than diminution in value. Lipton's own pleadings therefore settled that the cost of repair was not the proper measure of damages. It is not necessary to admit

evidence of cost of repairs where cost of repair is obviously not the appropriate measure of damages and where such evidence is not required to prove the appropriate before-and-after damages. Lipton's second point is denied.

Lipton's third point actually consists of three allegations of error. The first alleges error in the trial court's refusal to admit into evidence all or any portion of a letter written by an attorney representing Housing Authority. At trial, Housing Authority objected to the admission of the letter on the basis of attorney-client and work-product privileges and because of references to settlement contained therein. The judge sustained the objection.

■■■■ In its brief Lipton advances the argument that the Missouri Supreme Court implicitly ruled the letter was admissible when it denied a writ of prohibition against a trial judge who had ordered the letter to be produced in discovery. The granting or denial of a writ of prohibition is discretionary with an appellate court. *State ex rel. City of St. Louis v. Sartorius,* 340 Mo. 832, 102 S.W.2d 890, 895 (1937). In the exercise of its discretion, an appellate court may deny the application without ever passing on the merits of the issues involved. *Id.* The denial of an application for a writ therefore has no precedential value.

■■■ In the present case the writ of prohibition was denied without a written opinion. It is impossible to determine if the merits of the issues were addressed by the Supreme Court. The denial of Housing Authority's application for a writ therefore did not implicitly determine that the letter was unprotected by either the attorney-client or work-product privilege.

One basis upon which the trial court relied in refusing to admit the letter was the attorney-client privilege. Confidentiality of communications between attorney and client is essential for an effective attorney-client relationship because confidentiality fosters candor on the part of a client who is seeking advice and guidance from his chosen representative. *State ex rel. Great Am. Ins. Co. v. Smith,* 340 Mo. 832, 574 S.W.2d 379, 383 (Mo.banc 1978). Generally all of what the client says to the lawyer *and* what the lawyer says to the client is protected by the attorney-client privilege. *Id.*

■■■ In the present case, Housing Authority's attorney had been present at the inspection of the apartment complex on the day Housing Authority turned the property back over to Lipton. After that inspection, he sent a letter to the executive director of Housing Authority in which he detailed his observations of the condition of the individual apartments and the building in general and recommended settlement negotiations up to a specified amount. There is no question but that this letter pertains to a matter on which the attorney was consulted for his professional advice in the course of his employment by Housing Authority. *See, e.g., Bussen v. Del Commune,* 239 Mo.App. 859, 199 S.W.2d 13, 21 (1947); Rule 56.01(b)(3). The letter therefore is privileged.

■■■ Lipton asserts that any attorney-client privilege that existed was waived when the executive director of Housing Authority forwarded the attorney's letter to the U.S. Department of Housing and Urban Development (HUD). A client waives the attorney-client privilege when he voluntarily shares the communication with a third party. *In re Subpoenas Duces Tecum,* 738 F.2d 1367, 1369 (D.C.Cir. 1984). There is no waiver, however, where the third party shares a common interest in the outcome of the litigation and where the communication in question was made in confidence. *See, e.g., Transmirra Products Corp. v. Monsanto Chemical Co.,* 26 F.R.D. 572, 577 (S.D.N.Y.1960).

■■■ In the present situation, the litigation focused upon a joint project of Housing Authority and HUD, the federal agency which provided a substantial portion of the financing for the project. The attorney's letter, which was mailed to HUD by Housing Authority, was sent in confidence for

the limited and restricted purpose of safe-guarding their shared interests in the litigation. HUD, as the recipient of the letter, then stood under the same restraints arising from the privileged character of the document as the person who furnished it and, consequently, could not be compelled to produce it. *Id.* Under these circumstances the attorney-client privilege was not waived by Housing Authority's mailing the letter to HUD.

■ Lipton next challenges the trial court's refusal to permit Lipton to call the attorney who authored the letter as a witness to testify about its contents, particularly about the condition of the apartments on the day of inspection. Section 491.-060(3), RSMo (1978) makes an attorney incompetent to testify "concerning any communication made to him by his client in that relation, or *his advice thereon,* without the consent of such client." (Emphasis added.) *State v. Carter,* 641 S.W.2d 54, 57 (Mo.banc 1982); *see also* Rule 4, DR 4–101. Since the letter was privileged communication between attorney and client, the attorney's testimony regarding subjects covered in that letter was inadmissible. *See, e.g., McCaffrey v. Estate of Brennan,* 533 S.W.2d 264, 266–267 (Mo.App.1976).

■ Lipton next asserts error in the trial court's refusal to permit its attorney to comment to the jury in closing argument about Housing Authority's failure to call the attorney as a witness. Counsel from the opposing party is entitled first to comment upon a failure to produce evidence peculiarly within the other party's knowledge or under his control and which he would be expected to produce if favorable to him, and then to draw the inference that such evidence would be unfavorable to the opposing party if produced. *Graeff v. Baptist Temple of Springfield,* 576 S.W.2d 291, 306 (Mo.banc 1978). The ability to comment upon the failure to elicit testimony from a witness as well as to draw the unfavorable inference is predicated upon the admissibility of that testimony. In the present case the attorney-client privilege barred the admission of the attorney's testimony about the condition of the apartments at the termination of the leasing period or about any other matter covered in the letter. Under these circumstances, it would be improper to allow a negative inference to be drawn about Housing Authority's failure to call its attorney to testify. Lipton's third point is denied in its entirety.

In the fourth point Lipton argues that the court erred in giving Instruction No. 9 because it was the improper converse of Lipton's verdict director, Instruction No. 8,[3] and because it permitted Housing Authority to make an improper closing argument with regard to damages suffered by Lipton.

Preliminarily, we note that Lipton did not make a specific objection to Instruction No. 9 at the instruction conference. Although apparently sanctioned by Rule 70.03, the practice of withholding specific objections at the instruction conference and saving them for a post-trial motion has been criticized. *See Hudson v. Carr,* 668 S.W.2d 68, 71–72 (Mo.banc 1984); *Fowler v. Park,* 673 S.W.2d 749, 756 (Mo.banc 1984). The present trend is away from reversal for instructional error unless there is a substantial indication of prejudice. *Lawton v. Jewish Hospital of St. Louis,* 679 S.W.2d 370, 374 (Mo.App.1984). "If a defect [in the instruction] is not readily apparent to alert counsel preparing to argue the case,

---

**3.** Plaintiff's verdict director (Instruction No. 8), which was based on M.A.I. 26.02, was as follows:

Your verdict must be for the Plaintiff in Count II of its Petition if you believe:

First, Defendant did not return the property located at 501–525 Clara to the Plaintiff in the condition in which Defendant had received such property, less normal usage, normal deterioration, and normal wear and tear, and

Second, because of such failure, Defendant's contract obligations were not performed, and

Third, Plaintiff was thereby damaged.

Defendant's converse instruction (Instruction No. 9), modeled after M.A.I. 33.03(3) and 33.-04(2) was as follows:

Your verdict must be for Defendant in Count II unless you believe Plaintiff sustained damage.

there is very little likelihood that the jury will be confused or misled." *Hudson v. Carr,* 668 S.W.2d at 72.

Lipton contends that Housing Authority's Instruction No. 9 was improper because it only conversed the damage section of Instruction No. 8. A defendant has the option to converse either all parts of the verdict director in its entirety or any one of the single elements essential to a plaintiff's case. *Cole v. Plummer,* 661 S.W.2d 828, 830 (Mo.App.1983); *see also* Rule 70.02(f). Housing Authority properly could choose to converse only the damage element of Lipton's verdict director. There was no error in giving Instruction No. 9.

Lipton further argues that the allegedly improper converse permitted counsel for Housing Authority to argue improperly to the jury that selling the property "as is" nullified Lipton's damages. Although Lipton alleges it was prejudiced by these remarks, no transcript containing the closing arguments has been furnished to this court. Where arguments to the jury are not included in the transcript, there can be .no appellate review as to complaints concerning statements made during those arguments. *Ellis v. Farmers Ins. Group,* 659 S.W.2d 3, 4 (Mo.App.1983); *see also* Rule 81.12. Lipton's fourth point is denied.

Housing Authority cross-appeals from a jury verdict awarding damages to Lipton for additional rent due. Housing Authority terminated its rental agreement with Lipton effective as of October 30, 1978. Later, Housing Authority requested a continuation of its occupancy until January 31, 1979. Lipton agreed to the extension but at an increased monthly rental. This agreement was evidenced by letters written by Lipton to Housing Authority. After vacating the premises, Housing Authority refused to pay the increased rent, claiming it was required to pay only the rent specified in the original rental agreement. Housing Authority appeals from judgment in the amount of $18,100 for rent due.

We have considered the points raised by Housing Authority in its cross-appeal. An extended opinion would be of no precedential value. The judgment is affirmed in accordance with Rule 84.16(b).

Judgment in favor of Housing Authority on Lipton's claims in Counts I and II and in favor of Lipton on its claim in Count III is affirmed.

SATZ and PUDLOWSKI, JJ., concur.