**DALCOM SERVICES, INC.**
**Plaintiff/Respondent,**

v.

**INDEPENDENT FREIGHTWAY, INC.,**
**d/b/a Inway Landstar Freight Company, Defendant/Appellant.**

No. 65275.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 14, 1995.

Peter M. Hamilton, LaTourette, Schlueter & Byrne, St. Louis, for appellant.

Jeffrey P. Hine, Oliver, Oliver & Waltz, P.C., Cape Girardeau, for respondent.

CRANDALL, Judge.

Defendant, Independent Freightway, Inc., appeals from a judgment, following a jury trial, in favor of plaintiff, Dalcom Services, Inc., in plaintiff's action for breach of contract. We affirm.

Plaintiff is an audio-visual-theatrical production company which sets up lights, sound and staging pieces for trade shows. In March of 1993, plaintiff was scheduled to set up equipment for the International Beauty Show at the Jacob Javits Center in New York, New York. Plaintiff hired defendant to ship the plaintiff's sound and stage equipment from Cape Girardeau, Missouri, to New York for the show.

Four of plaintiff's employees testified they informed defendant they needed their equipment to arrive at the Jacob Javits Center by 8:00 a.m. on Wednesday, March 10, 1993, and that defendant assured them there would be no problem in meeting that deadline. Several of plaintiff's employees testified they specifically informed defendant that union labor was scheduled to unload the equipment at 8:00 a.m. on March 10, 1993.

Defendant testified it did not enter into an agreement with plaintiff for delivery by 8:00 a.m. on March 10, 1993. Defendant's agent testified that the plaintiff had vaguely referred to the need for the equipment to arrive the "morning of" March 10th. Defendant also denied that plaintiff mentioned any consequences if the equipment did not arrive in New York by a specific time.

Defendant's trailer arrived at the plaintiff's warehouse for loading the afternoon of March 8th. Plaintiff prepared a manifest which listed all the equipment to be transported and its weight. After examining the manifest, defendant informed plaintiff that it was not a proper bill of lading. Defendant then supplied its own bill of lading.

Defendant's bill of lading did not specify a delivery time. This bill of lading was signed by plaintiff's vice president and defendant's driver, and was dated March 9, 1993. However, plaintiff's vice president testified that he actually signed the document on March 10, 1993, *after* the shipment arrived in New York. He stated he initially refused to sign the document, but relented when the driver told him he would not get paid unless he obtained a signature.

Defendant's truck did not arrive in New York at 8:00 a.m. on March 10, 1993. Instead, the truck arrived at approximately 7:00 p.m. that day. Plaintiff claimed it suffered damages in excess of $30,000 because the untimely delivery caused it to incur additional overtime union labor. Plaintiff also testified it lost the business of an established client following the New York show.

■ In its first point, defendant contends the trial court erred in giving plaintiff's verdict directing instruction because it allowed the jury to find that defendant was required to deliver plaintiff's equipment by 8:00 a.m. on March 10, 1993. Defendant claims this instruction was prejudicial because defendant, as an interstate common carrier of freight, is required by law only to deliver with reasonable dispatch and not at any specific time.

The instruction provided:

Your verdict must be for the plaintiff if you believe:

First, plaintiff and defendant entered into an agreement whereby plaintiff agreed to pay defendant for transporting plaintiff's equipment from Cape Girardeau to New York and defendant agreed to deliver plaintiff's equipment to New York by 8:00 a.m. on March 10, 1993; and

Second, plaintiff performed its agreement, and

Third, defendant failed to perform its agreement, and

Fourth, plaintiff was thereby damaged.

Defendant contends the instruction was erroneous because it did not accurately state the applicable law under the Carmack Amendment, 49 U.S.C. § 11707 (1992). The Carmack Amendment governs the liability of common carriers for the loss of or injury to

property in interstate traffic. 14 Am.Jur.2d *Carriers* § 547 (1992). The Carmack Amendment was enacted to prohibit common carriers from exempting themselves from liability for the loss of or damage to property being transported, but has been construed as not prohibiting limitations based upon valuation agreements and regulations. 14 Am. Jur.2d *Carriers* § 559 (1992).

Defendant failed to object to the instruction at the instruction conference. Although Rule 70.03, in effect at the time of trial, did not require specific objections at the instruction conference, Missouri case law has criticized the practice of "sandbagging."[1] *See Fowler v. Park Corp.,* 673 S.W.2d 749 (Mo. banc 1984); *Lipton Rlty. v. St. Louis Housing,* 705 S.W.2d 565 (Mo.App.1986).

> We will not reverse for instructional error unless prejudice is demonstrated. We again remind counsel that one who considers that a proposed instruction may confuse the jury or affect his presentation adversely has the opportunity to suggest modification or to submit alternatives at the instruction conference. Although objection at that time is not necessary to preserve error (Rule 70.03), its absence may be considered in assessing prejudicial effect.

*Crabb v. Mid–America Dairymen, Inc.,* 735 S.W.2d 714, 718 (Mo. banc 1987) (citations omitted). The trend prior to the revision of Rule 70.03 was away from reversal for such instructional error absent *substantial* indication of prejudice. *Fowler v. Park Corp.,* 673 S.W.2d at 757; *Lipton Rlty. v. St. Louis Housing Authority,* 705 S.W.2d at 571. If the instruction's defect is not readily apparent to alert counsel preparing to argue the case, the likelihood of the jury being confused or misled is very slight. *Lipton Rlty v. St. Louis Housing Authority,* 705 S.W.2d at 571–572.

Defendant tendered only one instruction: "Your verdict must be for defendant if you believe that defendant's performance of the contract for transportation was rendered impossible by an Act of God." This instruction was given. Defendant offered no alternative verdict director, but instead squarely joined issue on the terms that plaintiff had defined.

Throughout trial, defendant's theory appeared to be that although plaintiff *could have* contracted for a specific delivery time by designating a specific time on the bill of lading, plaintiff *did not* do so and therefore the parties did not have an agreement which required defendant to deliver at 8:00 a.m. Although defendant filed a motion in limine to prohibit testimony, evidence or statements referring to the 8:00 a.m. deadline, the gravamen of the motion was that the evidence was parol evidence that contradicted the terms of the bill of lading. In opening argument, defendant stated:

> Now the evidence will be that there is a chance for any party that wants to put specific instructions as to the time and place of delivery . . . You can put that on the bill of lading. You can make an exception to a tariff . . . And certainly you are going to see the bill of lading waved in front of your face. You can look at it on both sides and everywhere you want, and nowhere, nowhere, ladies and gentlemen, is that going to set forth the time by which this is going to be delivered.

In closing, defendant further argued:

> Each one of them testified that you can put special instructions on a bill of lading to let these people know, the carrier that is, to let them know what those instructions are, and each of them said those special instructions can include specific time for delivery . . . They didn't write it on the bill of lading . . . The contract was not breached, because the contract did not require special circumstances.

It was in its motion for new trial that defendant first complained the court erred in giv-

---

**1.** The current version of Rule 70.03, amended June 1, 1993, effective January 1, 1994, now conforms to the existing case law and provides:

> Counsel shall make specific objections to instructions considered erroneous. No party may assign as error the giving or failure to give instructions unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Counsel need not repeat objections already made on the record prior to delivery of the instructions. The objections must also be raised in the motion for new trial in accordance with Rule 78.07.

ing the above instruction because an agreement to deliver at a specific time would impose a greater duty upon the defendant than which exists at law.

Defendant was not prejudiced by this instruction when its theory throughout the trial was not that a contract for a specific time of delivery would be unenforceable, but that no contract for a specific time of delivery existed. The verdict director was consistent with defendant's theory. The jury could have found that no such contract existed. Defendant's first point is denied.

■ In its second point, defendant claims the trial court erred in entering judgment in the amount of the verdict because plaintiff was awarded special damages not contemplated by the parties to the contract.

During the presentation of the plaintiff's evidence of damages, defendant did not object to the actual extra labor costs summary. The only objections defendant made during the admission of some of the supporting documents were on the grounds of hearsay, inadequate foundation, and authentication. Defendant never objected to the damage evidence on the grounds that plaintiff was not entitled to special damages for breach of contract. Defendant also failed to object to plaintiff's closing argument on the calculation of damages. Allegations of error not presented to or expressly decided by the trial court shall not be considered in any civil appeal from a jury tried case. Rule 84.13. Defendant's second point is denied.

In its third point, defendant claims the trial court abused its discretion in admitting into evidence bills and receipts received by plaintiff from unions and other workers. We have reviewed the record. No error of law appears. An extended opinion on this point would have no precedential value. The point is denied. Rule 84.16(b).

The judgment of the trial court is affirmed.

CRANE, P.J., and DOWD, J., concur.