Sandy McLANE, Petitioner/Respondent,

v.

WAL–MART STORES, INC.,
Respondent/Appellant.

No. ED 75833.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 8, 2000.

Daniel P. Finch, Finch & Moss Law Firm, Cape Girardeau, for petitioner/respondent.

Dale E. Gerecke, Bradshaw, Steele, Cochrane & Berens, L.C., Cape Girardeau, for respondent/appellant.

KATHIANNE KNAUP CRANE, Presiding Judge.

Lessee, Wal–Mart Stores, Inc., appeals from the trial court's judgment awarding lessor, Sandy McLane, damages for lessee's breach of lease covenants in the amount of the cost of those repairs necessary to restore the leased property to an appropriate condition. Lessee contends that the damage award was not supported by the evidence because lessor failed to present evidence of the before and after fair market value of the premises and, therefore, the court did not have before it the evidence necessary to determine that the cost of repairs was the proper measure of damages instead of the diminution in value. We affirm on the grounds that sufficient evidence supported use of the cost of repairs measure of damages and lessor was not additionally required to adduce evidence of the before and after market value of the premises.

In 1974 the parties' predecessors entered into a 20 year lease of a new 50,000 square foot shopping center property in Poplar Bluff, Missouri. Paragraph 7 of the lease obligated lessee to, "at its own expense, keep and maintain the interior of the demised premises, including the plumbing, heating and air conditioning equipment, in good repair and tenantable condition during the term of this Lease and [lessee] will make the necessary improvements to same, likewise, at its own expense." In paragraph 14, lessee covenanted and agreed that, at the expiration of the lease, lessee would "yield up the said premises to the Lessor, together with all the improvements made thereon (excepting trade fixtures...), in as good condition as when the same was entered upon by it, ... ordinary wear and depreciation excepted."

At the termination of the lease in December, 1994, the premises were not in good repair or tenantable condition. Lessee made some repairs but did not repair damage to the tile floor and the HVAC system. In addition, ballasts, light tubes, and ceiling tiles were missing.

After making a demand for payment under the lease, lessor filed an action against lessee for breach of the lease covenants to recover the cost of repairs for the damaged floor and the HVAC system and the cost of replacing the missing ballasts, light tubes, and ceiling fixtures. At trial, lessor adduced evidence of the nature and cost of repairs. Lessee did not object, but cross-examined on that evidence. Lessee objected to any evidence of damage other than cost of repairs. At the close of lessor's case, lessee moved for dismissal of the petition because no evidence of the property's diminution in value had been presented. The court said it would consider lessee's argument and that it would be considered with the merits of the case. Lessee then presented its evidence. Lessee did not adduce any evidence about the property's diminution in value.

The trial court found that lessee failed to maintain the HVAC system as specifically required by the lease and that lessor's cost to put the system in good working order was $13,774.07. The court also found that lessee failed to return the premises in an appropriate condition, excepting ordinary wear and depreciation, and incurred $27,644.65 in repair costs to restore the property to an appropriate condition. The trial court awarded lessor damages in the amount of $41,418.72 for the cost of repairs, plus prejudgment interest of $16, 082.95.

■ For its sole point on appeal, lessee contends there was not sufficient evidence to support the trial court's award of damages because lessor failed to establish, by evidence of the property's fair market value before and after the breach, the diminution in the market value of the property that resulted from tenant's breach and, therefore, the court could not determine whether cost of repairs was the proper measure of damage. We disagree that lessor was required to adduce this evidence and hold that the evidence was sufficient to support an award of damages based on cost of repairs.

■ When the lease term has expired, the lessor's recovery for breach of a covenant to repair or for failure to surrender possession of the premises in a prescribed condition is usually the cost of making the repairs to restore the property to the required condition. 1 Milton R. Friedman, Friedman on Leases Section 10.602a, at 732 (4th ed.1997); 49 Am.Jur.2d *Landlord & Tenant* Section 873 (1995); 3 Dan B. Dobbs, Law of Remedies Section 12.15(3), at 350 n. 2 (1993).

■ However, a landlord is not to be put into a better position than if the tenant had performed the lease. 49 Am.Jur.2d, *supra,* Section 873.

Cost of restoration is but one method of making landlord whole. There are situations where this method places landlord in a better position than if tenant had

performed, thus providing him with a windfall. When this is likely, the measure of damages used is one designed to ensure that the landlord will neither lose nor benefit from tenant's breach. If the cost of restoration exceeds the diminution of market value of the property, recovery will be limited to diminution of value.

2 Milton R. Friedman, Friedman on Leases Section 18.1, at 1209 (4th ed.1997). Thus, cost of repairs recovery is sometimes limited to a ceiling equal to the diminished value of the premises. 3 Dobbs, *supra*, Section 12.15(3), at 350 n. 2.

The rationale for the general rule in favor of cost of repairs recovery is based on the purpose of damages in a contract action, which is to restore a plaintiff to the position plaintiff would have been in if the contract had not been breached, rather than to place plaintiff in a better position. *Lipton Realty, Inc. v. St. Louis Housing Authority*, 705 S.W.2d 565, 569 (Mo.App. 1986). Stated another way, the goal "is to award a sum that will put the non-breaching party in as good a position as he would have been had the contract been performed." *Hernandez v. Westoak Realty & Inv., Inc.*, 771 S.W.2d 876, 880 (Mo.App. 1989) (quoting 3 Dobbs, *supra*, Sections 12.1, 12.21). Ordinarily, an award of the cost of repairs would put the lessor in the position it would have been in had the lessee performed the covenants to repair in the lease, without creating any type of windfall.

Lessee argues that this action is actually one for waste. Unlike the plaintiff in *Lipton*, lessee did not plead a cause of action for waste, but pleaded a claim based on breach of lease covenants. However, an understanding of the measure of damages in waste cases is helpful in addressing the issue on this appeal because many of the same considerations arise and, to some extent, overlap.

■ Waste is the failure of a lessee to exercise ordinary care in the use of the leased premises or property that causes material and permanent injury thereto over and above ordinary wear and tear. *Brown v. Midwest Petroleum Co.*, 828 S.W.2d 686, 687 (Mo.App.1992). In a waste action, the measure of damages is generally the difference between the fair market value of the realty at the end of the lease, had no waste occurred, and the fair market value of the property in its damaged condition. *Id.* at 687. However, the cost of repairs may be allowed when the cost of repairs is small in relationship to the property as a whole and is easily ascertained. *Id.; See also Lipton*, 705 S.W.2d at 569. This is the same standard that is used in other cases involving tangible harm to real property. 1 Dobbs, *supra*, Section 5.2(8), at 737.

■ While the standard used in waste and tortious injury to property cases is similar to the one used in breach of lease covenant cases, the standard is usually applied differently in that "cost of repairs" is favored in contract cases and "diminution of value" is favored in cases involving waste or tortious damage to property. *Business Men's Assurance Company of America v. Graham*, 891 S.W.2d 438, 450 (Mo.App.1994) (construing a contractor's contract to build or repair which is "closely analogous" to a tenant's covenant to return the premises in good repair); 3 Dobbs, *supra*, Section 12.15(3), at 350 n. 2. The difference in the manner of application may be explained by the difference in the goals of compensation in contract and tort cases:

> "Generally, compensation for tort damages attempts to restore the injured party to the position he would be in if the [tort] had not been committed. In the case of a breach of contract, the goal of compensation is not the mere restoration to a former position, as in tort, but the awarding of a sum which is the equivalent of performance of the bargain—the attempt to place the [injured party] in the position he would be in if the contract had been fulfilled." *McCor-*

mick, *Damages*, Section 137, p. 561 (1935). *Hensic v. Afshari Enterprises, Inc.*, 599 S.W.2d 522, 524 n. 4 (Mo.App.1980).

■ Having laid out these general rules, we must point out that, despite the preferences for one measure or another, the particular facts of each case determine which measure of damages is to be used. *Lipton,* 705 S.W.2d at 569. Thus, the diminution in value can be a proper standard in a breach of lease case where damage is extensive and permanent and where the cost of repairs would greatly exceed the before and after value of the real estate. *Id.* And, repair costs can be appropriate in a waste case where the damage is temporary and readily capable of repair. *Id.; Helton v. City of St. Joseph,* 340 S.W.2d 198, 199 (Mo.App.1960). Further, there are other situations and variations which would require different applications and exceptions. *See* 1 Dobbs, *supra,* Section 5.02(1–7). This explains why there are apparent inconsistencies in Missouri cases, which we have noted in *Hensic,* 599 S.W.2d at 524, n. 4 and *Smith v. Norman,* 586 S.W.2d 84, 86 (Mo.App.1979).

■ Against this background we turn to lessee's contention that plaintiff was required to adduce evidence of the before and after market value of the premises to show that diminution in value was not less than the cost of repairs. The determination of which measure to use in either breach of lease or waste cases does not involve a mechanistic comparison of the cost of repairs against the diminution in the before and after market value followed by a choice of the lesser amount. Rather, the nature of the damage and feasibility of repair alone can indicate which measure is appropriate because the two measures are not inconsistent, *Smith,* 586 S.W.2d at 85, and do not conflict. 1 Dobbs, *supra,* Section 5.2(2), at 720. "[T]he only reason for a choice between the two measures is to prevent windfalls and economic waste, and if there is no evidence of either, then a recovery should

be permitted under either measure for which there is evidence." *Id.* at 721. As we held in *Smith,* where there is slight injury, the cost of repair logically reflects the amount the property was reduced in value. *Smith,* 586 S.W.2d at 85. The ceiling of diminution in value for cost of repairs recovery is to prevent plaintiff from obtaining a windfall and, in the *Smith* situation it is readily apparent that a plaintiff will not be getting a windfall by recouping the cost of repairs.

■ Thus, the general rule is that, where a lessor claims damages for a lessee's breach of covenant to repair or to return the premises in a particular condition, lessor's burden of proof is satisfied by presenting evidence of one measure of damages. Thereafter, the burden of establishing that another measure is more appropriate is on the lessee. If the lessor introduces evidence of the cost of repairs, that measure will be used unless the lessee goes forward and shows that diminution of value is less. 2 Friedman, *supra,* Section 18.1, at 1210–11; 49 Am.Jur.2d *Landlord & Tenant* Section 888 (1995); William H. Danne, Jr., *Measure and Elements of Damages for Lessee's Breach of Covenant as to Repairs,* 45 A.L.R. 5th 251, Section 2a (1997). We have held that when the damage to leased property is temporary and readily capable of repair, "it would be unrealistic" to require plaintiff to introduce additional evidence of the before and after value of the entire building because the evidence of the cost of repairs logically reflects the property's reduction in value. *Smith,* 586 S.W.2d at 87.

■ This is likewise the general rule in waste and injury to property cases. 49 Am.Jur.2d *Landlord and Tenant* Section 847 (1995); 1 Dobbs, *supra,* Section 5.2(2), at 720–21. Where evidence of the cost of repairs has been offered without objection and the defendant offers no evidence of the diminution in the market value of the property, the defendant may not complain on appeal that damages based on cost of

repair were improperly awarded. *Helton,* 340 S.W.2d at 199.

At trial lessor put on evidence of its cost of repairs. Lessee did not object to the cost of repair evidence. It cross-examined lessor's witnesses on the cost of repair and adduced its own evidence on the cost and necessity of the repairs. Lessee did not offer any evidence on the diminution of value and objected to lessor's evidence that was not based on cost of repairs. Further, the evidence showed that the cost of repairs was the appropriate measure. The repairs were specifically identified, the cost was easily ascertained, and it was obvious that the damaged and missing items were insignificant in value in comparison to the value of the entire property. The missing and damaged items did not represent irreparable or permanent injury to the premises and there was no evidence that the cost of repairs was disproportionate to the value of the property. In addition, in using the cost of repair measure to award damages, the trial judge prevented the lessor from obtaining a windfall, or a more valuable property, by specifically excluding from the judgment the costs of any repairs that corrected ordinary wear or otherwise improved the property beyond the condition required by the lease.

The trial court did not err in awarding lessor damages based on the cost of repair without requiring evidence of the before and after market value of the entire structure.

The judgment of the trial court is affirmed.

ROBERT G. DOWD, Jr., J. and SHERRI B. SULLIVAN, J. concur.